UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

WILSON AEROSPACE LLC,

             Plaintiff,

    v.

THE BOEING COMPANY,

             Defendant.

Case No. 2:23-cv-00847-JHC

STIPULATED PROTECTIVE ORDER

      The Court finds that this action may involve trade secrets and other valuable research, development, commercial, financial, export-controlled, or technical proprietary information that is regarded by the parties as confidential.  To expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties (or any nonparties) are entitled to keep confidential, to ensure that only materials the parties (or nonparties) are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such

STIPULATED PROTECTIVE ORDER –1

materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), and for good cause shown, it is hereby

ORDERED that the following agreed terms shall govern the production of documents and other material in this action:

**1.    Definitions**

a.    "Party" means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

b.    "Material" means all information, documents, things, objects and devices, served or otherwise provided in this action by the Parties or by non-parties.

c.    "CONFIDENTIAL Material" means information, documents, things, objects and devices the Designating Party believes in good faith is not generally known to others, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. Information and other Material may be designated as CONFIDENTIAL for purposes of this Protective Order if the Designating Party in good faith considers it to constitute or to contain trade secrets or other confidential research, development, or commercial information. CONFIDENTIAL Material shall also include all information, documents, objects, devices, testimony, and things referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing, and shall be designated as such in the manner described in Section 2.

STIPULATED PROTECTIVE ORDER –2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

d.   "ATTORNEYS' EYES ONLY Material" means information, documents, things, objects and devices the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.  The designation is reserved for information that constitutes financial, technical or commercially sensitive competitive or proprietary information that the Designating Party maintains as highly confidential in its business, including information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"), information relating to future products, strategic plans, non-public financial data, documents that would reveal trade secrets, licensing documents and licensing communications, and settlement agreements or settlement communications including any information previously produced or exchanged by the Parties in any pre-suit settlement negotiations and/or mediation, the disclosure of which is likely to cause harm to the competitive position of the Designating Party.  ATTORNEYS' EYES ONLY Material shall include all information, documents, things, objects and devices referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing, and shall be designated as such in the manner described in Section 2.  Any attorney representing a Party, whether in-house or outside counsel, and

STIPULATED PROTECTIVE ORDER –3

any person associated with a Party and permitted to receive the other Party's ATTORNEYS' EYES ONLY Material, who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's ATTORNEYS' EYES ONLY Material under this Order, shall not prepare, prosecute, or assist in the development of the technical substance of any patent application pertaining to fluid fitting torque devices, torque testers, latch mechanisms for docking space vehicles (and associated testing and installation equipment), and bolting tools for commercial aircraft (the "Field of Invention") during the pendency of this Action and for one year after its conclusion, including any appeals. If, during the course of this Action, the parties determine that discovery of additional highly confidential or trade secret information on topics not included within the Field of Invention will be necessary, the parties agree to meet and confer to determine if this Order should be amended. For purposes of this paragraph, "prosecution" includes drafting, amending, or advising on the technical substance of patent applications, including the scope of any patent claims. Prosecution includes, for example, original prosecution and reissue. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent or patent application before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination, inter partes reexamination, post grant review, covered business method patent review, or inter partes review), or representing a party defending against such a challenge, provided that the person who received the ATTORNEYS' EYES ONLY Material is not involved in amending the challenged patent or patent application's claims in the course of that defense.

STIPULATED PROTECTIVE ORDER –4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

e.  "EXPORT-CONTROLLED Material" shall include information that is subject to the requirements of the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730.1 *et seq.*, and/or the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. §§ 120.0 *et seq.* Such material may be contained in documents that a party furnishes in this case related to dual use commodities, technology, software, or defense articles, and shall include all information, documents, testimony, and things referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing, which shall be designated as such in the manner described in Section 2. Although the parties shall use their best efforts to designate such information as EXPORT-CONTROLLED Material in accordance with this Order, information subject to EAR and ITAR shall at all times remain EXPORT-CONTROLLED Material regardless of whether such designation is made, in accordance with federal law. To the extent that any Party seeks to use EXPORT-CONTROLLED Material in any deposition or filing in this Action, the parties agree to use reasonable efforts to cooperate to facilitate such use to the extent consistent with all applicable laws and regulations. Such reasonable efforts shall not obligate any Party to violate any export control laws or regulations or otherwise subject itself to penalty for any such violation.

f.  "Producing Party" means a Party or nonparty that produces Material in this action.

g.  "Receiving Party" means a Party that receives Material from a Producing Party.

h.  "Designated Material" means Material that is designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Order.

STIPULATED PROTECTIVE ORDER –5

i.  "Designating Party" means a Party or nonparty that designates Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

j.  "Outside Counsel" means counsel who appears on the pleadings as counsel for a Party, employees of such counsel to whom it is reasonably necessary to disclose the information for this litigation, including support staff employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters, or an independent legal translators retained to translate in connection with this action, or independent shorthand reporters retained to record and transcribe testimony in connection with this action.

k.  "In-House Litigation Counsel" means any attorney employed by a Party in the capacity of a litigation attorney whose primary responsibility is to manage, supervise or oversee litigation as part of his or her responsibilities for the Party and who does not engage in competitive decision-making (and their support staff such as paralegals, administrative assistants and secretaries).

l.  "Outside Consultant" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Outside Counsel to serve as an expert witness or as a consultant in this action and who is not a current or anticipated employee of a Party, or of a competitor of the Producing Party, or a consultant involved in product or process development for a competitor of the Producing Party.

m.  "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying; videotaping; court reporting; translating; designing and preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.) and their employees and

STIPULATED PROTECTIVE ORDER –6

subcontractors.  This definition includes a professional jury or trial consultant retained in connection with this litigation and mock jurors retained by such a consultant to assist in that consultant's work.  Professional vendors do not include consultants who fall within the definition of Outside Consultant.

**2.    Procedure for Designating Materials**

    a.    <u>Documents and Other Tangible Materials</u>

The designation of Material in the form of documents, discovery responses, or other tangible materials other than depositions or other pre-trial testimony shall be made by the Designating Party by conspicuously affixing the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or "EXPORT-CONTROLLED" on each page containing information to which the designation applies (or in the case of computer medium on the medium and its label and/or cover).  To the extent practical, the legend shall be placed near the Bates number identifying the Material.  If a document has more than one designation, the more restrictive or higher confidential designation applies.

    b.    <u>Nontangible Materials</u>

All Material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, or EXPORT-CONTROLLED that is not reduced to documentary, tangible, or physical form or that cannot be conveniently designated in the manner set forth above shall be designated by the Designating Party by informing the Receiving Party of the designation in writing.

    c.    <u>Deposition Testimony and Transcripts</u>

Any Party may designate as CONFIDENTIAL or ATTORNEYS' EYES ONLY, or EXPORT-CONTROLLED information that is disclosed at a deposition in this action by indicating on the record at the deposition that the testimony is CONFIDENTIAL or ATTORNEYS' EYES ONLY or EXPORT-CONTROLLED and is subject to the provisions

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

of this Protective Order.  Any Party may also designate information as CONFIDENTIAL or ATTORNEYS' EYES ONLY, or EXPORT-CONTROLLED by notifying the court reporter and all of the parties, in writing and within 30 days after receipt of the deposition transcript, of the specific pages and lines of the transcript that should be treated thereafter as CONFIDENTIAL or ATTORNEYS' EYES ONLY or EXPORT-CONTROLLED.  Each Party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his/her possession, custody, or control.  All deposition transcripts shall be treated as CONFIDENTIAL for at least a period of 30 days after receipt of the transcript, except that such temporary designation shall not preclude the witness from reviewing the transcript for purposes of making corrections thereto, and any portion of the transcript designated on the record as ATTORNEYS' EYES ONLY or EXPORT-CONTROLLED, shall maintain that designation subject to the provisions of Section 6, below.

**3.     Inadvertent Production**

      a.  <u>Nondesignated Material</u>

If a Party or nonparty through inadvertence produces any CONFIDENTIAL or ATTORNEYS' EYES ONLY, or EXPORT-CONTROLLED Material without labeling, marking, or otherwise designating it as such in accordance with the provisions of this Protective Order, the Designating Party or nonparty may give written notice to the Receiving Party that the information, document, or thing produced is designated CONFIDENTIAL, ATTORNEYS' EYES ONLY, or EXPORT-CONTROLLED and should be treated as such in accordance with the provisions of this Protective Order.  The Designating Party must provide the Receiving Party with a replacement copy of the document or information bearing the designation of CONFIDENTIAL, ATTORNEYS' EYES ONLY, or EXPORT-CONTROLLED within seven (7)days of such written notice; the Receiving Party shall

STIPULATED PROTECTIVE ORDER –8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

promptly destroy or return the undesignated document or information and any copies thereof after receiving the appropriately designated document or information. The Receiving Party must treat such documents according to their most recent designation of CONFIDENTIAL, ATTORNEYS' EYES ONLY, or EXPORT-CONTROLLED from the date such notice is received. If, before receiving such notice, the Receiving Party disclosed such nondesignated information to persons who would not have been entitled to receive it under this Protective Order, the Receiving Party must immediately inform the Designating Party of all pertinent facts relating to such disclosure and shall make reasonable efforts to retrieve such information and to prevent further disclosure.

     b.  <u>No Waiver of Privilege</u>

Inspection or production of Material (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, as soon as reasonably possible after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such Material as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests the destruction of such inadvertently produced Material in writing to the Receiving Party. Within seven (7) days of providing notice, the Producing Party shall provide privilege log entry/entries to the Receiving Party covering such inadvertently produced information. Upon such a request in writing, the Receiving Party shall immediately take steps to ensure that such inadvertently produced Material is treated as privileged or immune from discovery unless and until the Court rules otherwise and that they are sequestered from further copying, distribution, and/or review by the Receiving Party and its Outside Counsel, except to the limited extent necessary to establish whether the claim of privilege or work product immunity is valid. In addition, within seven

STIPULATED PROTECTIVE ORDER –9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

(7) days of the Producing Party's request, the Receiving Party must destroy all copies of such inadvertently produced Material (and any other documents or things to the extent they incorporate such privileged or immunized material), unless it first informs the Producing Party of its intent to challenge the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation before the Court.  Pursuant to Fed. R. Evid. 502(e), once this Order is entered by the Court, this agreement shall be binding on third parties.  If a Party receives information that reasonably appears to be subject to a Privilege and to have been provided through inadvertence, the Party must refrain from examining the Material any further and shall promptly notify the Producing Party in writing that the party possesses such Material.

## 4.    Material Not Covered By This Order

No Material shall be deemed CONFIDENTIAL or ATTORNEYS' EYES ONLY if it is Material that (1) is in the public domain at the time of disclosure, (2) becomes part of the public domain through trial or otherwise as a result of publication not involving a violation of this Protective Order, (3) the Receiving Party lawfully received from a nonparty without restriction as to disclosure, provided such nonparty has the right to make the disclosure to the Receiving Party, or (4) the Receiving Party can show was independently developed by it after the time of disclosure by personnel who did not have access to the Producing Party's CONFIDENTIAL or ATTORNEYS' EYES ONLY Material.

## 5.    Nonparty Designations

Nonparties who produce Material in this action may avail themselves of the provisions of this Protective Order, and Material produced by nonparties shall be treated by the parties in conformance with this Protective Order.  A nonparty's use of this Protective Order for its CONFIDENTIAL, ATTORNEYS' EYES ONLY, or EXPORT-CONTROLLED Material

STIPULATED PROTECTIVE ORDER –10

does not entitle that nonparty to have access to CONFIDENTIAL, ATTORNEYS' EYES ONLY, or EXPORT-CONTROLLED Material produced by any Party in this case.

**6.      Challenges to Designations**

The Parties and any nonparty that produce Material pursuant to this Protective Order shall use reasonable care when designating Material as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or EXPORT-CONTROLLED Material.  Nothing in this Protective Order shall prevent a Receiving Party from contending that any Material has been improperly designated hereunder.  If any Party disagrees with the Designating Party's designation of any Material, then they initially shall try to resolve the dispute on an informal basis.  If they are unable to resolve such a dispute informally, the Party disagreeing with the designation may apply to the Court for relief.  The Designating Party asserting confidentiality will bear the burden of proving confidentiality upon any such application.  Any motion regarding disputed Material or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action.  The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

Any disputed Material shall be treated in the manner designated by the Designating Party and subject to the protection of this Protective Order unless and until the Court determines otherwise.  No Party shall be obligated to challenge the propriety of a designation, and a failure to do so shall not constitute an admission that any Material is appropriately designated, nor preclude a later challenge to the propriety of such designation.

STIPULATED PROTECTIVE ORDER –11

**7.      General Limitations on Disclosure and Use of Designated Material**

CONFIDENTIAL or ATTORNEYS' EYES ONLY Material and the substance and content thereof, including any notes, memoranda, or other similar documents relating thereto, shall be used by a Receiving Party solely for the purpose of this litigation and not for any business purpose.  Any person in possession of CONFIDENTIAL or ATTORNEYS' EYES ONLY Material shall exercise reasonably appropriate care with regard to storage, custody, or use of such Material to ensure that the confidential nature of the Material is maintained.  If CONFIDENTIAL or ATTORNEYS' EYES ONLY Material is disclosed or comes into the possession of any person other than in a manner authorized by this Protective Order, any Party having knowledge of the disclosure must immediately inform the Designating Party of all pertinent facts relating to such disclosure and shall make reasonable efforts to retrieve such Material and to prevent further disclosure.

In addition, the Parties have a responsibility to ensure that EXPORT-CONTROLLED Material in their possession, custody or control is used in accordance with U.S. law, including EAR, 15 C.F.R. §§ 730.0 *et seq.*, or ITAR, 22 C.F.R. §§ 120.1 *et seq*. To prevent unauthorized use of EXPORT-CONTROLLED Material, the Parties agree to follow the procedure outlined in this Order.

Counsel or another individual authorized to received EXPORT-CONTROLLED Material pursuant to the Protective Order will not disclose, export, or transfer, in any manner, EXPORT-CONTROLLED Material to any foreign person inside or outside the US, as defined in 20 C.F.R. § 120.16, except as permitted by U.S. law, and will not transport any such document outside of U.S. territory, without prior written approval of the Bureau of Industry and Security, the United States Department of State, or other appropriate U.S. government department or agency except as permitted by U.S. law. Use or access outside of the U.S. or

STIPULATED PROTECTIVE ORDER –12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

by Non-U.S. persons within the U.S. may require a license from the U.S. Department of State in accordance with ITAR or from the U.S. Department of Commerce in accordance with the EAR. The Party producing the documents accepts no liability on behalf of the recipient for the procurement of or expense of such license, or in the event the recipient discloses controlled information or violates the EAR or ITAR. Diversion of any technical data subject to the ITAR or EAR to any (i) person, (ii) entity, (iii) country or (iv) any entity located or incorporated in a country, that is on any denied party list or list of sanctioned countries, pursuant to either the EAR, ITAR or any regulations and orders administered by the Treasury Department's Office of Foreign Assets Control Regulations (31 C.F.R. Chapter V) is prohibited.

**8.    Access to Designated Material**

      a.   Access to CONFIDENTIAL Material

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Material designated as "CONFIDENTIAL" only to the following persons and persons identified in Section 8(g) below regarding use of Designated Material at depositions:

        i.   The Court and its personnel, including court reporters and the jury.

       ii.   Mediators, arbitrators, and such of their staff as may be necessary for the conduct of the mediation or arbitration.

     iii.   Outside Counsel for each Party, as well as paralegals, administrative assistants, secretaries, and other members of the clerical and administrative staff ("Support Staff") who work for such counsel and whose functions require access to Material designated CONFIDENTIAL.

STIPULATED PROTECTIVE ORDER –13

iv.  In House Litigation Counsel for each Party and Support Staff who work for such counsel and whose functions require access to such information, consistent with the limitations in Section 1(d).

v.  Outside Consultants with whom counsel deem it necessary to consult concerning technical, financial, or other aspects of this case to prepare for trial. However, no Material designated as CONFIDENTIAL shall be disclosed by a Receiving Party to an Outside Consultant until the Outside Consultant has signed and returned to the Receiving Party's Outside Counsel the Confidentiality Agreement attached hereto as Exhibit A, declaring that he or she has read and understands this Protective Order and agrees to be bound by its terms. The Receiving Party's Outside Counsel shall retain the written Confidentiality Agreement for the duration of the litigation.

vi.  Employees, officers, and directors of a Receiving Party who are involved in maintaining, defending, or evaluating this litigation (and supporting personnel). HOWEVER, no document designated as CONFIDENTIAL shall be disclosed to an employee, officer, or director of a Receiving Party until such individual has signed and returned to the Receiving Party's Outside Counsel the Confidentiality Agreement attached hereto as Exhibit A, thereby declaring that he or she has read and understands this Protective Order and agrees to be bound by its terms. The Receiving Party's Outside Counsel shall retain such written Confidentiality Agreement for the duration of the litigation.

STIPULATED PROTECTIVE ORDER –14

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

vii. Professional Vendors with whom counsel deem it necessary to engage in order to obtain copies of Material designated CONFIDENTIAL as reasonably necessary for maintaining, defending, or evaluating this litigation.  Before disclosing any protected Material to any person or service described in this paragraph, Outside Counsel for the Receiving Party shall first obtain from such person or service a written Confidentiality Agreement, in the form attached hereto as Exhibit A. The Receiving Party's Outside Counsel shall retain such written Confidentiality Agreement for the duration of the litigation.

viii. Any other person as to whom the Designating Party agrees in writing.

b.  Access to ATTORNEYS' EYES ONLY Material

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Material designated as "ATTORNEYS' EYES ONLY" only to the following persons and persons identified in Section 8(g) below regarding use of Designated Material at depositions:

i.  The Court and its personnel, including court reporters and the jury.

ii. Mediators, arbitrators, and such of their staff as may be necessary for the conduct of the mediation or arbitration.

iii. Outside Counsel for each Party and Support Staff who work for such counsel and whose functions require access to Material designated ATTORNEYS' EYES ONLY, consistent with the limitations in Section 1(d).

iv. For any financial data or non-technical business information, In House Litigation Counsel for each Party and Support Staff who work for such

STIPULATED PROTECTIVE ORDER –15

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

counsel and whose functions require access to such information, consistent with the limitations in Section 1(d).

v.   Outside Consultants with whom counsel deem it necessary to consult concerning technical, financial, or other aspects of this case to prepare for trial.  An Outside Consultant's access to ATTORNEYS' EYES ONLY Material shall be subject to all the terms and limitations provided for in Section 8(a)(v) above.

vi.  Professional Vendors with whom counsel deem it necessary to engage in order to obtain copies of Material designated ATTORNEYS' EYES ONLY as reasonably necessary for maintaining, defending, or evaluating this litigation.  Before disclosing any protected Material to any person or service described in this paragraph, Outside Counsel for the Receiving Party shall first obtain from such person or service a written Confidentiality Agreement, in the form attached hereto as Exhibit A.  The Receiving Party's Outside Counsel shall retain such written Confidentiality Agreement for the duration of the litigation.

vii. Any other person as to whom the Designating Party agrees in writing.

c.   <u>Access to EXPORT-CONTROLLED Material</u>

The Parties have a responsibility to ensure that access to EXPORT-CONTROLLED Material in their possession, custody or control is restricted to authorized persons in accordance with U.S. law, including EAR, 15 C.F.R. §§ 730.0 *et seq.*, and/or ITAR, 22 C.F.R. §§120.1 *et seq.*, including but not limited to disclosure to outside counsel, experts, consultants, and any staff supporting the same. To prevent unauthorized access of EXPORT-

STIPULATED PROTECTIVE ORDER –16

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

CONTROLLED Material, the Parties agree to follow the procedure outlined in this Subsection.

(i) All physical documents containing EXPORT-CONTROLLED Material shall be placed in a secure file or room with access limited to those U.S. Persons (as that term is defined in 22 C.F.R. § 120.15) who are permitted by this Protective Order to access CONFIDENTIAL Material (or ATTORNEYS' EYES ONLY Material, if applicable).

(ii) If documents containing Export-Controlled Material are scanned and stored in a computer or loaded to a document review platform or software, access to such electronic files shall be restricted and limited to those U.S. Persons (as that term is defined in 22 C.F.R. § 120.15) who are permitted by this Protective Order to access CONFIDENTIAL Material (or ATTORNEYS' EYES ONLY Material, if applicable).

d.  <u>Exceptions to Limitations on Disclosure</u>

Nothing herein shall prevent disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY Material:  (a) by the Designating Party to anyone else; (b) by the Receiving Party to an officer or employee of the Designating Party; (c) by a Party to any person, whether or not affiliated with the Designating Party at the time of disclosure, who either authored the CONFIDENTIAL or ATTORNEYS' EYES ONLY Material, in whole or in part, or who has independently received the CONFIDENTIAL or ATTORNEYS' EYES ONLY Material other than through a means constituting a violation of this Protective Order or any other obligation of confidentiality; or (d) to any person who is expressly identified as previously having had access to the CONFIDENTIAL or ATTORNEYS' EYES ONLY Material, which identification is made by the sworn testimony of another or unambiguously appears on the

STIPULATED PROTECTIVE ORDER –17

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

face of a document, and other than through a means constituting a violation of this Protective Order or any other obligation of confidentiality.

e.  Filing Under Seal of CONFIDENTIAL Material or ATTORNEYS' EYES ONLY Material

Any Party or third-party discovery respondent ("Filing Party") seeking to file with the Court a document that contains CONFIDENTIAL Material or ATTORNEYS' EYES ONLY Material shall, pursuant to the Western District of Washington Civil Rules and Judge Chun's Chambers Procedures, move to obtain the Court's permission to file that document under seal. The Filing Party shall comply with all procedures ordered by the Court with respect to such motions, but under no circumstances shall the Filing Party file the document not under seal prior to the Court's ruling on the motion to seal.  If any Filing Party fails to file Designated Material under seal, the Designating Party or any Party claiming confidentiality for the Designated Material may move the Court to place the filing under seal in accordance with Western District of Washington Civil Rules and Judge Chun's Chambers Procedures.

The Parties agree to cooperate with respect to any motion seeking leave to seal any Designated Material, and it shall be the Designating Party's burden to justify the need to seal the Designated Material.  In the event that the Court denies a motion seeking leave to seal any Designated Material, the Receiving Party shall be free to file the Designated Material without sealing.

f.  Filing Under Seal of EXPORT-CONTROLLED Material

Before filing EXPORT-CONTROLLED Material or discussing or referencing such material in Court filings, the Filing Party shall confer with the Designating Party to determine whether the Designating Party will remove the EXPORT-CONTROLLED designation, whether the Material can be redacted or modified, or whether a motion to seal or stipulation

STIPULATED PROTECTIVE ORDER –18

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

and proposed order is warranted. During the meet and confer process, the Designating Party must identify the basis for sealing the specific EXPORT-CONTROLLED Material at issue, and the Filing Party shall include this basis in its motion to seal, along with any objection to sealing the Material at issue.

    g.  <u>Use at Depositions</u>

        i.  Except as otherwise ordered by the Court, any deposition or trial witness may be examined and may testify concerning all CONFIDENTIAL or ATTORNEYS' EYES ONLY Material of which such person has prior knowledge. Before introducing, referencing, or discussing any EXPORT-CONTROLLED Material during a deposition, the Party taking the deposition shall confer with the Designating Party and shall not proceed to use such EXPORT-CONTROLLED Material during the deposition without first obtaining the Designating Party's consent in writing or on the record at the deposition. Without in any way limiting the generality of the foregoing:

           1.  A present director, officer, and/or employee of a Producing Party may be examined and may testify concerning all CONFIDENTIAL or ATTORNEYS' EYES ONLY Material that has been produced by that Party.

           2.  A former director, officer, and/or employee of a Producing Party may be interviewed, examined, and may testify concerning all CONFIDENTIAL or ATTORNEYS' EYES ONLY Material of which such person has prior knowledge,

STIPULATED PROTECTIVE ORDER –19

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

including any Designated Material that refers to matters of which the witness has personal knowledge, which has been produced by that Party, and which pertains to the time period or periods of such witness's employment or service.

3. Nonparties may be examined or testify concerning any document containing CONFIDENTIAL or ATTORNEYS' EYES ONLY Material of a Producing Party that appears on its face or from other documents or testimony to have been received from, or communicated to, the nonparty as a result of any contact or relationship with the Producing Party or a representative of such Producing Party. Any person other than the witness, his or her counsel, and any person qualified to receive CONFIDENTIAL or ATTORNEYS' EYES ONLY Material under this Protective Order shall be excluded from the portion of the examination concerning such Material, absent the consent of the Designating Party. If the witness is represented by an attorney who is not qualified under this Protective Order to receive CONFIDENTIAL or ATTORNEYS' EYES ONLY Material, then prior to the examination, the attorney shall provide a signed Confidentiality Agreement, in the form attached hereto as Exhibit A, declaring that he or she will comply with the terms of this Protective Order and maintain the confidentiality of all CONFIDENTIAL or ATTORNEYS' EYES ONLY Material disclosed during the course of the

STIPULATED PROTECTIVE ORDER –20

examination. If such attorney declines to sign a Confidentiality Agreement before the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting that attorney from disclosing CONFIDENTIAL or ATTORNEYS' EYES ONLY Material disclosed during the deposition.

ii. In addition to the restrictions on the uses of all types of CONFIDENTIAL or ATTORNEYS' EYES ONLY Material set forth in this Protective Order, the following shall apply to CONFIDENTIAL or ATTORNEYS' EYES ONLY Material used at a deposition:

1. A witness who previously had access to a document designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, but who is not under a present nondisclosure agreement with the Producing Party that applies to the Designated Material, may be shown the document at a deposition if (1) a copy of this Protective Order is attached to any subpoena, notice, or request served on the witness for the deposition, and (2) the witness is advised on the deposition record of the existence of the Protective Order and its requirement that the Parties keep confidential any questions, testimony, or documents that are designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, and the witness agrees to the same by executing Exhibit A.

2. Witnesses, other than an employee or agent of a Party authorized to receive the Designated Material pursuant to this

STIPULATED PROTECTIVE ORDER –21

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Protective Order, may not copy, take notes on, or retain copies of any CONFIDENTIAL or ATTORNEYS' EYES ONLY Material used or reviewed at a deposition. A witness may not take out of the deposition room any exhibit that is marked CONFIDENTIAL or ATTORNEYS' EYES ONLY.

**9.    Stipulations or Additional Relief from the Court; Rights Reserved**

The Parties may, by stipulation or other agreement on the record or in writing, provide for exceptions to this Protective Order. Nothing in this Protective Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of Material or relief from this Protective Order with respect to particular Material designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or EXPORT-CONTROLLED. Nothing in this Protective Order shall be deemed to prejudice the rights of the Parties to object to the production of Material they consider not subject to discovery except where such objection is based solely on the confidentiality of such Material. Nothing in this Protective Order shall operate as an admission by the Receiving Party that any particular CONFIDENTIAL, ATTORNEYS' EYES ONLY, or EXPORT-CONTROLLED Material contains or reflects trade secrets, proprietary, or any other type of confidential matter. This Protective Order shall not supersede, waive, amend, modify, or render null any prior confidentiality or nondisclosure agreement or obligation entered into by the Parties.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**10.    Destruction or Return of Material at the End of Litigation**

    a.    <u>General Obligation to Destroy CONFIDENTIAL, ATTORNEYS' EYES ONLY, and EXPORT-CONTROLLED Material at the End of Litigation</u>

Within sixty days after entry of a final, nonappealable judgment or order, expiration of the deadline for any party to appeal an appealable judgment or order, or the complete settlement of all claims asserted against all Parties in this action, each Party shall: (i) destroy all Material received from the Producing Party that is designated CONFIDENTIAL ATTORNEYS' EYES ONLY, or EXPORT-CONTROLLED unless the Producing Party requested that certain Material be returned rather than destroyed; and (ii) destroy in whatever form stored or reproduced, all other physical objects and documents (including but not limited to correspondence, memoranda, notes, and other work product materials) that contain or refer to CONFIDENTIAL, ATTORNEYS' EYES ONLY, or EXPORT-CONTROLLED Material; provided, however, that Outside Counsel shall be entitled to maintain for its files copies of all attorney work product and pleadings, motions, and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at trial.   Each Party will provide reasonable confirmation and assurance of their compliance with this paragraph upon request.

    b.    <u>Obligation to Retrieve CONFIDENTIAL, ATTORNEYS' EYES ONLY, or EXPORT-CONTROLLED Material Disclosed to Others</u>

Each Party's obligation to return or destroy CONFIDENTIAL ATTORNEYS' EYES ONLY, or EXPORT-CONTROLLED Material received from another Party extends to any CONFIDENTIAL, ATTORNEYS' EYES ONLY, or EXPORT-CONTROLLED Material the Receiving Party disclosed to others pursuant to this Protective Order.  Within sixty days after

STIPULATED PROTECTIVE ORDER –23

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

entry of a final, nonappealable judgment or order, expiration of the deadline for any party to appeal an appealable judgment or order, or the complete settlement of all claims asserted against all Parties in this action, each Receiving Party shall inform any Producing Party in writing of: (i) any CONFIDENTIAL, ATTORNEYS' EYES ONLY, or EXPORT-CONTROLLED Material (and any documentary materials containing information derived from CONFIDENTIAL, ATTORNEYS' EYES ONLY, or EXPORT-CONTROLLED Material) that, to the Party's knowledge, has not been returned and/or destroyed in the manner required by this Protective Order; and (ii) the identity of any person who has failed to return or destroy such CONFIDENTIAL, ATTORNEYS' EYES ONLY, or EXPORT-CONTROLLED Material or derivative material.

**11.    Survival of Order and Retention of Jurisdiction**

The terms of this Protective Order shall survive the final termination of this action to the extent that any CONFIDENTIAL, ATTORNEYS' EYES ONLY, or EXPORT-CONTROLLED Material is not or does not become known to the public.  This Court shall retain jurisdiction over this action for the purpose of enforcing this Protective Order.  The Parties agree that any order of dismissal of the Action as to any or all Parties shall include specific provision that the Court retains jurisdiction to enforce the terms of this Protective Order following dismissal.  Each Party hereby consents to the personal jurisdiction of the Court for that purpose.

**12.    Treatment Prior to Entry of Order**

Each Party agrees to be bound by the terms of this Protective Order as of the date it executes the Order below, even if prior to entry of the Order by the Court.

STIPULATED PROTECTIVE ORDER –24

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**13.     Protected Material Subpoenaed or Ordered Produced in Other Litigation**

If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any Material  designated in this action as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "EXPORT-CONTROLLED," then the Receiving Party must promptly— and in no event more than ten (10) days after receiving the subpoena or order—notify the Designating Party.  Such notification must include a copy of the subpoena or order.  The Receiving Party also must immediately inform in writing the person who caused the subpoena or order to issue that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the person in the other action that caused the subpoena or order to issue.  The purpose of imposing these duties is to alert the interested persons to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its CONFIDENTIAL, ATTORNEYS' EYES ONLY, or EXPORT-CONTROLLED Material.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**SO ORDERED** this 22nd day of May, 2025.

*John H. Chun*
Hon.  John H. Chun

STIPULATED PROTECTIVE ORDER –25

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4

**STIPULATED THIS 21ST DAY OF MAY, 2025 AND AGREED TO:**

5
6   Kenneth R. Friedman (Bar # 17148)         /s/David A. Perez
7   FRIEDMAN RUBIN PLLP                        David A. Perez, Bar No. 43959
8   1126 Highland Avenue                       Alexander J. Bau, Bar No. 58745
9   Bremerton, Washington 98337-1828           PERKINS COIE LLP
10  kfriedman@friedmanrubin.com                1201 Third Avenue, Suite 4900
11                                             Seattle, Washington 98101-3099
12  Mel C. Orchard, III (*pro hac vice*)       Telephone: +1.206.359.8000
13  Emily S. Madden (*pro hac vice*)           Facsimile: +1.206.359.9000
14  THE SPENCE LAW FIRM                        DPerez@perkinscoie.com
15  15 S. Jackson St. / P.O. Box 548           ABau@perkinscoie.com
16  Jackson, Wyoming 83001
17  orchard@spencelawyers.com                  Benjamin L. Hatch (*pro hac vice*)
18  madden@spencelawyers.com                   MCGUIREWOODS LLP
19                                             888 16th Street N.W., Suite 500
20  /s/Christopher J. Warmbold                 Black Lives Matter Plaza
21  Peter J. Flowers (*pro hac vice*)          Washington, D.C. 20006
22  Christopher J. Warmbold (*pro hac vice*)   Tel: (757) 640-3700
23  pjf@meyers-flowers.com                     Fax: (757) 640-3701
24  cjw@meyers-flowers.com                     bhatch@mcguirewoods.com
25
26
27  Lance Astrella (*pro hac vice*)            Brian C. Riopelle (*pro hac vice*)
28  ASTRELLA LAW, P.C.                         George B. Davis (*pro hac vice*)
29  1600 Broadway, Suite 1070                  Kathryn M. Barber (*pro hac vice*)
30  Denver, Colorado 80202                     MCGUIREWOODS LLP
31  lance@astrellalaw.com                      800 East Canal Street
32                                             Richmond, VA 23219-3916
33  Rex Sharp (*Pro hac vice*)                 Telephone:  804-775-1000
34  SHARP LAW LLP                              Facsimile:   804-225-5377
35  4820 W. 75th Street                        briopelle@mcguirewoods.com
36  Prairie Village, Kansas 66208              gdavis@mcguirewoods.com
37  rsharp@midwest-law.com                     kbarber@mcguirewoods.com
38
39  ***Attorneys for Plaintiff***             ***Attorneys for Defendant***
40
41
42
43
44
45
46
47

STIPULATED PROTECTIVE ORDER –26

**EXHIBIT A**

THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| WILSON AEROSPACE LLC, | Case No. Case No. 2:23-cv-00847-JHC |
| Plaintiff, | |
| v. | ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER |
| THE BOEING COMPANY, | |
| Defendant. | |

I, _____, state that:

1.    My address is _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____.

4.    I have received a copy of the Stipulated Protective Order entered in this case on _____, 20__, and have carefully read and understand its contents and confidentiality requirements.  I will not divulge any information or other Materials

STIPULATED PROTECTIVE ORDER –27

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to any persons other than those specifically authorized by said Order to receive such Materials.

5.    I consent to be subject to the jurisdiction and authority of this Court in the event of any violation of this agreement or any dispute related to this agreement, including any proceedings relating to contempt of Court.

DATED this _____ day of _____, 20__.


_____


_____
*[Typed Name]*

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000