UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILSON AEROSPACE LLC,

                Plaintiff,

      v.

THE BOEING COMPANY INC,

                Defendant.

CASE NO. 2:23-cv-00847-JHC

ORDER RE: DEFENDANT'S MOTION TO FIND PLAINTIFF WAIVED ANY CLAIM OF PRIVILEGE OR WORK PRODUCT PROTECTION AS TO PRODUCED DOCUMENTS

**I**

**INTRODUCTION**

This matter comes before the Court on Defendant The Boeing Company's Motion to Find that Plaintiff Wilson Aerospace LLC Has Waived Any Claim of Privilege or Work Product Protection as to Produced Documents. Dkt. # 169. The Court has considered the materials filed in support of and in opposition to the motion, pertinent portions of the record, and the applicable law. Being fully advised, for the reasons below, the Court GRANTS Defendant's Motion.

ORDER RE: DEFENDANT'S MOTION TO FIND
PLAINTIFF WAIVED ANY CLAIM OF PRIVILEGE
OR WORK PRODUCT PROTECTION AS TO
PRODUCED DOCUMENTS - 1

## II

### BACKGROUND

Plaintiff, Wilson Aerospace LLC, brings this action against Defendant, the Boeing Company, claiming that Defendant misappropriated Plaintiff's intellectual property in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1831 et seq., and Washington state trade secret law. Dkt. # 144 at 4-5, 31. During discovery, the parties agreed that by October 31, 2025, Plaintiff's counsel would produce electronically stored information (ESI) from Plaintiff's hard drive that contained tens of thousands of collected documents.[1] Dkt. # 169-2 at 3, 8; Dkt. # 169-1 at 6-7, 11; *See generally* Dkt. # 169-2.

On November 4, 2025, after Defendant requested an update and reminded Plaintiff of an upcoming deposition that depended on the hard drive materials, Plaintiff responded that it was concerned "a batch of documents" were "probably privileged," but that most documents would be produced.[2] Dkt. # 169-2 at 2; Dkt. # 170-3 at 3. Later that day, the hard drive materials consisting of 31,393 documents (135,803 pages) were produced. *Id.* at 7 & n.1; Dkt. # 169-6 at 7. Defendant gained access the next day. Dkt. # 170-4 at 2-3.

On November 10, 2025, Defendant informed Plaintiff that it had discovered documents that contained indica of privilege, identifying 181 specific documents in an attached appendix. Dkt. # 169-5. During much back and forth, Plaintiff agreed privileged documents were included in the disclosure and informed Defendant that "there are likely additional privileged documents with in [*sic*] the production" and that "further claw back designations may follow." Dkt. # 169-7; Dkt. # 169-6 at 7; *see also* Dkt. ## 169-8, 169-10. For about two weeks, Plaintiff did not

---

[1] References below to "Plaintiff" and "Defendant" are to their respective counsel.

[2] It is unclear from Plaintiff's briefing whether this "batch of documents" was produced. *See generally* Dkt. # 170.

ORDER RE: DEFENDANT'S MOTION TO FIND
PLAINTIFF WAIVED ANY CLAIM OF PRIVILEGE
OR WORK PRODUCT PROTECTION AS TO
PRODUCED DOCUMENTS - 2

identify any specific documents to claw back, including any specific document in the initial 181 documents first identified by Defendant.  Dkt. # 169-11 at 4-5; Dkt. # 170-5 at 4-5; Dkt. # 170-7 at 3-4; *see also* Dkt. ## 169-6; 169-7, 169-8; 169-10.

After an unsuccessful meet and confer on November 24, 2025, Defendant filed the present motion.  Dkt. # 169-11; Dkt. # 170-5 at 4-5.  On December 10, 2025, the same day its response was filed, Plaintiff provided Defendant with a privilege log.  Dkt. # 170-8; Dkt. # 171-2 at 2-12; Dkt. # 170 at 10. [3]  These logs identify 141 documents of the original 181 originally identified by Defendant, and another 435 documents, for a total of 576 that Plaintiff claims require clawback.  Dkt. # 171-2 at 2-12; Dkt. # 170-8; Dkt. # 170 at 10.

### III
#### DISCUSSION

Generally, a party waives privilege with respect to a document if they produce it.  *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116-17 (9th Cir. 2020).  Federal Rule of Evidence 502(b) provides an exception if "(1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B)."  "The party asserting privilege bears the burden of proving that privilege is not waived."  *Fed. Trade Comm'n v. Amazon.com, Inc.*, No. 2:23-CV-00932-JHC, 2024 WL 3620467, at *3 (W.D. Wash. Aug. 1, 2024). [4]

---

[3] Plaintiff provided a log related to the initial 181 documents (Dkt. # 170-8) but cites "Exs. 9, 10, 11" to show the additional privileged documents not identified by Defendant.  No such exhibits were attached to Plaintiff's response.  Presumably Exhibits 9, 10, and 11 would be the privilege logs produced by Defendant on reply.  *See* Dkt. # 171-2 at 2-12.

[4] Per a stipulated protective order, the Court ruled:
> Inspection or production of [Privileged] Material (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other

ORDER RE: DEFENDANT'S MOTION TO FIND
PLAINTIFF WAIVED ANY CLAIM OF PRIVILEGE
OR WORK PRODUCT PROTECTION AS TO
PRODUCED DOCUMENTS - 3

Defendant argues Plaintiff fails all three elements of Rule 502(b).  Dkt. # 169 at 11-15. In response, Plaintiff says that the disclosure was inadvertent, it took reasonable steps to prevent the disclosure, and it took reasonable steps to rectify the error.  Dkt. # 170 at 11-18.  The Court considers whether Plaintiff took reasonable steps to prevent the error.

"[C]ourts look at the overall context of production when determining whether the disclosing party took reasonable steps to prevent disclosure." *Fed. Trade Comm'n*, 2024 WL 3620467, at *7; s*ee also* Fed. R. Evid. 502, Explanatory Notes ("Other considerations bearing on the reasonableness of a producing party's efforts include the number of documents to be reviewed and the time constraints for production.").  But "[t]he party alleging the privilege 'must offer specific facts and details to show that the procedures were reasonable.'" *Audubon Soc'y of Portland v. Zinke*, Case No. 1:17-cv-00069-CL, 2018 WL 1522691, at *4 (D. Or. Mar. 27, 2018) (quoting *Excel Golf Prods., Inc. v. MacNeill Eng'g Co., Inc.*, No. 11 C 1928, 2012 WL 1570772, at *3 (N.D. Ill. May 3, 2012)).

---

applicable privilege or immunity from discovery if, as soon as reasonably possible after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such Material as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests the destruction of such inadvertently produced Material in writing to the Receiving Party. Within seven (7) days of providing notice, the Producing Party shall provide privilege log entry/entries to the Receiving Party covering such inadvertently produced information.

Dkt. # 153 at 9-10.  Because Plaintiff did not follow the terms of that stipulated order, it does not protect against waiver, and Rule 502(b) controls.  Neither party argues that the protective order applies. *See generally* Dkt. ## 169, 170.  Plaintiff does request that the Court apply the more generous "completely reckless" standard used in the Southern District of New York when a protective order is in place.  Dkt. # 170 at 18.  The Court need not consider this argument.  In the two cases Plaintiff cites, there is no issue regarding whether, as here, the disclosing party failed to comply with the protective order. *See BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, No. 09 CIV. 9783 RWS, 2013 WL 2322678, at *8-9 (S.D.N.Y. May 21, 2013) (considering whether to apply the protective order or Rule 502(b)); *GMO Gamecenter USA, Inc. v. Whinstone US, Corp.*, No. 22-CV-5974 (JPC) (KHP), 2025 WL 2267751, at *2 (S.D.N.Y. Aug. 8, 2025) (applying the "completely reckless" standard without considering Rule 502(b)). Plaintiff fails to explain why these cases should be applied here.  Nor does Plaintiff cite, and the Court is not aware, of any case in the Ninth Circuit that has adopted the "completely reckless" standard.

ORDER RE: DEFENDANT'S MOTION TO FIND
PLAINTIFF WAIVED ANY CLAIM OF PRIVILEGE
OR WORK PRODUCT PROTECTION AS TO
PRODUCED DOCUMENTS - 4

Plaintiff provides limited details to show that it took reasonable efforts to prevent disclosure. It states:

> [A] second layer of filters designed to capture privileged material was applied. These included search terms targeting attorney names, attorney email addresses, law-firm domains, and other indicators associated with privileged information. . . . Any documents hitting the privilege-identification terms or the date-based exclusion were removed from the production population.

Dkt. # 170 at 6, 14. But this is a statement in briefing without citation to the record, and it is unclear if this filtering occurred, as privileged documents authored by attorneys and containing attorneys' names were ultimately disclosed to Defendant. *See* Dkt. # 169-8; Dkt. # 171-2 at 4-12; Dkt. # 169-11 at 4. But even charitably considering this statement, the only specificity in Plaintiff's offer of proof is a search targeting "attorney names, attorney email addresses, law-firm domains." Dkt. # 170 at 6, 14. While this might capture some privileged materials, it is not reasonable to assume it alone would prevent inadvertent disclosure. For example, including basic terms such as "attorney client" or "privilege" would have captured at least 82 documents disclosed to Defendant.[5] Dkt. # 169-11 at 4.

Aside from a limiting date range, no other processes are described with specificity and instead Plaintiff only states without explanation how many documents were excluded from production. Dkt. # 170 at 6, 14; *Audubon Soc'y of Portland*, 2018 WL 1522691, at *4-5 ("In cases that have found the privilege-holder took reasonable steps, the privilege-holder supported their contention with a specific description of their measures to protect against inadvertent disclosure and often buttressed their description with supporting affidavits or declarations").

---

[5] At the meet and confer, Plaintiff refused to provide the specific search terms, claiming to worry that "disclosure of those search terms would itself reveal attorney work product." Dkt. # 170-5 at 4. The Court knows of no authority to support such a position. And although Plaintiff has apparently abandoned this argument, it still has not explained why it has not provided the search terms used in this "second layer." The terms related to the "first layer" were provided but are irrelevant to the disclosure of privileged materials. *See* Dkt. 170-1 at 2.

ORDER RE: DEFENDANT'S MOTION TO FIND
PLAINTIFF WAIVED ANY CLAIM OF PRIVILEGE
OR WORK PRODUCT PROTECTION AS TO
PRODUCED DOCUMENTS - 5

Even this limited showing is undermined by the fact that no citation to the record is provided and, if anything, the record contradicts Plaintiff.  For example, Plaintiff alleges that a manual review excluded 1,500 documents, including privileged materials, but the Orchard Declaration states that those documents "were related to the proprietary drawings, documents, diagrams and other trade secret materials."  Dkt. # 170 at 6, 14; Dkt. # 170-2 at 2.  Although the Orchard declaration is the only one from Plaintiff by an attorney involved in the collection, review, and production of the hard drive materials, the declaration does not speak to any steps taken to prevent disclosure of privileged materials.[6]  *Id.*; *See Klein v. Meta Platforms, Inc.*, No. 20-CV-08570-JD (VKD), 2022 WL 767096, at *8 (N.D. Cal. Mar. 11, 2022) (taking issue with the disclosing parties' "representations in its briefing rather than a declaration of counsel or other relevant witness regarding the efforts [they] undertook to prevent disclosure of privileged material" but ultimately inferring the processes to be reasonable because only nine documents of a disclosure of 12 million pages were disclosed).

The Court is sympathetic regarding the difficulties associated with a high-volume ESI disclosure, but it took Defendant only five days (three business days) to discover 181 documents that contained indicia of privilege—most of which were in folders entitled "Lawsuit" and "Lawsuit Research."  Dkt. # 169-5; Dkt. # 169-11 at 4.  Plaintiff's failure to exclude documents warning of attorney-client privilege on the first page, dozens of files with names indicating that they were draft litigation materials, and documents authored by counsel, is not a responsible practice.  *Id.*; Dkt. 170-8; Dkt. # 171-2 at 4-12 (Privilege log showing file names such as

---

[6] The Madden and Warmbold Declarations submitted by Plaintiff admit that these lawyers were "not personally involved in the hard drive collection, the original review of any hard drive documents, or the production itself" and their roles arose only after receiving notice of the disclosure.  Dkt. # 170-7 at 2; Dkt. # 170-5; *see Conceptus, Inc. v. Hologic, Inc.*, No. C 09-02280 WHA, 2010 WL 3911943, at *2 (N.D. Cal. Oct. 5, 2010) ("Merely asserting that prior counsel inadvertently disclosed the letter does not meet the burden of proof").

"Complaint Draft" and "Damage Estimate Summary"); s*ee A.F. v. Evans*, No. 2:18-CV-01404-SU, 2020 WL 5908997, at *2 (D. Or. Oct. 6, 2020) ("The documents in question are prominently marked as privileged, which suggests an inexcusable failure of discovery review on the part of" the disclosing party); *Sidney I. v. Focused Retail Prop. I, LLC*, 274 F.R.D. 212, 217 (N.D. Ill. 2011) ("[T]he number of privileged documents disclosed suggests waiver, especially since they were obviously privileged.  Although the privileged documents made up less than two percent of the production's pages, producing eight privileged letters, several on firm letterhead, is significant in such a small total production.").[7]  Plaintiff provides no explanation for such a failure.  *See generally* Dkt. ## 170, 169-6, 169-7, 169-8, 169-10.

Without such a showing, the Court cannot find that Plaintiff took reasonable steps to prevent disclosure.  *Comrie v. Ipsco, Inc.*, No. 08 C 3060, 2009 WL 4403364, at *2 (N.D. Ill. Nov. 30, 2009) ("Although Defendants claimed they inadvertently produced documents, they failed, with the exception of stating the number of documents produced, to support that assertion with facts.  Without such information, the Court cannot find that the Defendants met their burden to show either that the disclosure was inadvertent, or that Defendants took reasonable steps to prevent disclosure.").  The Court need not address whether the disclosure was inadvertent or whether Plaintiff took reasonable steps to rectify the error because Plaintiff fails the second element of Rule 502(b).  The Court thus finds that Plaintiff has waived any claim to attorney-client privilege or work product protection as it relates to the hard drive materials disclosed on November 4, 2025.

---

[7] Plaintiff states that the disclosure makes up only 0.01% of the documents disclosed.  Dkt.# 170 at 10.  As Defendant points out, the disclosure is closer to 2 percent.  Dkt. # 171 at 6 n.1.

ORDER RE: DEFENDANT'S MOTION TO FIND
PLAINTIFF WAIVED ANY CLAIM OF PRIVILEGE
OR WORK PRODUCT PROTECTION AS TO
PRODUCED DOCUMENTS - 7

## IV

### CONCLUSION

For all these reasons, the Court GRANTS the motion.

Dated this 23rd day of February, 2026.

John H. Chun
United States District Judge

ORDER RE: DEFENDANT'S MOTION TO FIND
PLAINTIFF WAIVED ANY CLAIM OF PRIVILEGE
OR WORK PRODUCT PROTECTION AS TO
PRODUCED DOCUMENTS - 8