UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILSON AEROSPACE LLC,

                Plaintiff,

    v.

THE BOEING COMPANY INC.,

                Defendant.

Case No. C23-847-JHC-MLP

ORDER

## I.    INTRODUCTION

This matter is before this Court on referral of Plaintiff Wilson Aerospace LLC's Motion to Compel Supplementation of Disclosures and Production of Already Identified Documents (dkt. # 194) and Motion to Compel ESI Custodians, Depositions, and RFPs and for a Modest Continuance of the Trial Date to Extend the Case Schedule (dkt. # 204). Defendant the Boeing Company Inc. has filed responses (dkt. ## 197, 206), and Plaintiff has filed replies (dkt. ## 198, 219). This Court heard oral argument on July 16, 2026. (Dkt. # 205.) Having considered the materials submitted, the rest of the record, and the governing law, this Court GRANTS in part and DENIES in part Plaintiff's motions to compel (dkt. ## 194, 204).

ORDER - 1

## II. DISCUSSION

This Court assumes familiarity with the background of this case and sets out only the developments relevant to the present motions. Because the governing standards are well established, the Court summarizes only the principles necessary to resolve the present discovery disputes. Parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). A party may move a court for an order compelling disclosure or discovery. *See* Fed. R. Civ. P. 37(a)(1). "The court may order a party to provide further responses to an 'evasive or incomplete disclosure, answer, or response.'" *Doe v. Trump*, 329 F.R.D. 262, 270 (W.D. Wash. 2018) (citing Fed. R. Civ. P. 37(a)(4)). A court has "broad discretion" to permit or deny discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citation omitted). "Although the party seeking to compel discovery has the burden of establishing that its requests" seek relevant material, the party resisting discovery bears the burden of showing that the discovery should not be permitted. *See Doe*, 329 F.R.D. at 270 (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

### A. Scope of Initial Disclosures

Discovery Dispute at Issue: Whether Defendant must provide a more complete, topic-organized Rule 26(a)(1) disclosure of Defendant and third-party witnesses. (Dkt. # 194 at 4-5, 8-10.)

Court's Decision: For the reasons stated on the record, this request is DENIED. Rule 26(a)(1)(A)(i) requires disclosure of individuals a party "may use to support its claims or defenses," not a comprehensive, topic-mapped list of all persons with potentially relevant knowledge. Rule 37(c)(1) enforces this obligation by providing that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use

ORDER - 2

that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). In other words, Rule 37(c)(1) operates as a self-executing sanction that presumptively bars a party from using an undisclosed witness, absent a showing of substantial justification or harmlessness, and thus protects the opposing party from unfair surprise. *See Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). On the present record, Plaintiff has not shown that Defendant is withholding specific witnesses it intends to use; any later attempt by Defendant to rely on undisclosed witnesses will be governed by Rule 37(c)(1) and subject to exclusion under this standard. *See Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021).

### B. "Appropriate Time" Documents

Discovery Dispute at Issue: Whether Defendant must produce documents already identified in its Rule 26 disclosures. (Dkt. # 194 at 12-13.)

Court's Decision: For the reasons stated on the record, this request is DENIED as moot. Defendant represents that the discrete set of documents previously reserved for a later "appropriate time" has now been produced, and Plaintiff has not identified a remaining, specific category of such documents that is being withheld. This ruling does not relieve Defendant of its ongoing obligation to produce relevant, responsive discovery.

### C. Custodians

Discovery Dispute at Issue: Whether Plaintiff should be permitted an additional ten ESI custodians, for a total of thirty. (Dkt. # 204 at 9-11; *see also* dkt. # 194 at 11-12.)

Court's Decision: For the reasons stated on the record, this request is GRANTED in part and DENIED in part.

ORDER - 3

Rule 34 requires a party to produce or permit inspection of documents responsive to a request when such documents are in the party's "possession, custody or control." Fed. R. Civ. P. 34. To meet this obligation, a party must conduct a reasonable inquiry into the factual basis for its discovery responses, *National Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 554-56 (N.D. Cal. 1987), and, based on that inquiry, "is under an affirmative duty to seek that information reasonably available to [it] from [its] employees, agents, or others subject to [its] control." *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992) (citation omitted).

In matters involving electronically stored information, parties may employ custodian-based collections, agreed search terms, and other tools referenced in their ESI protocol to implement their Rule 34 obligations. But these tools do not narrow or override the Federal Rules. The parties' own ESI Protocol confirms this point. It provides that:

> Nothing in this Order shall preclude the producing party from producing additional relevant and responsive materials beyond those identified pursuant to the procedure described herein. Where appropriate, relevant and responsive non-privileged documents and ESI that are easily identifiable and segregable shall be collected and produced without the use of the procedure described herein. The discovery requests (in accordance with and subject to any limits or objections supported by the Federal Rules of Civil Procedure, the Local Rules, and any relevant orders of the Court) shall govern the scope of documents and ESI to be produced, subject to any agreements reached during the parties' conferral, and otherwise search terms do not supplant discovery requests. The parties shall produce any relevant and responsive, non-privileged documents, to the extent they exist and can be located after a reasonably diligent search of relevant custodians and shared platforms, upon which the parties shall meet and confer.

(Dkt. # 159 at 2.)

Thus, the Protocol itself makes clear that: (1) discovery requests—constrained by the Federal Rules, local rules, and court orders—govern the scope of documents and ESI to be produced; (2) search terms and similar procedures do not supplant that scope; and (3) parties remain obligated to conduct a reasonably diligent search of relevant custodians and shared

ORDER - 4

platforms and to produce relevant, responsive, non-privileged documents they can locate. The Protocol is a mechanism to implement the Rules, not a device to contract around them. *See Albert v. Lab'y Corp. of Am.*, 536 F. Supp. 3d 798, 800 (W.D. Wash. 2020). A party therefore cannot justify failing to collect obviously relevant documents on the ground that the relevant employee was not designated as an "ESI custodian" or that such documents might fall outside an agreed search-term workflow. *Id.*

Here, Defendant admitted that it did not search Patrick Murphy's documents because he was not a disclosed custodian. Given Murphy's apparent relevance, that position is inconsistent both with Defendant's obligations under Rule 34 and with the plain language of the ESI Protocol quoted above. Defendant's discovery duties are defined first and foremost by the Federal Rules and the scope of the discovery requests; the ESI Protocol cannot be invoked to avoid collecting and reviewing responsive documents from plainly relevant employees within Defendant's control.

Applying these principles, this Court concludes that a 50% increase to thirty custodians is not justified, but that targeted expansion is warranted given the importance of financial and NASA-related issues and Defendant's control over that information. Defendant shall designate Gregory Ffolkes, Ivan Bush, and Patrick Murphy as ESI custodians. The parties shall meet and confer to (1) designate one individual as a financial-information custodian and (2) confirm whether Mark Nappi is the appropriate custodian concerning Defendant's relationship with NASA. The parties shall file a joint status report within **seven (7) days** of this Order confirming the designation of these five additional custodians.

ORDER - 5

**D.    Depositions**

Discovery Dispute at Issue: Whether Plaintiff should be permitted an additional twenty-five depositions, inclusive of third-party depositions. (Dkt. # 204 at 11-13.)

Court's Decision: For the reasons stated on the record, this request is RESERVED. Under Rule 30(a)(2)(A)(i) and this District's practice, expansion of the ten-deposition limit generally requires substantial use of the default allotment and a particularized showing of need for each additional deposition. *See Plintron Techs. USA LLC v. Phillips*, 2025 WL 1918947, at *1-2 (W.D. Wash. July 11, 2025); *Thykkuttahil v. Keese*, 294 F.R.D. 597, 600 (W.D. Wash. 2013). Plaintiff has not yet made that showing. Plaintiff shall provide Defendant with a spreadsheet ranking potential deponents and setting forth a particularized showing as to why each additional deposition is necessary and non-duplicative. If the parties are unable to resolve this issue after that exchange, the Court will address the disputed deponents in smaller tranches of three via telephonic motion. *See* Local Rules W.D. Wash. LCR 7(i).

**E.    RFPs 101-130 and Numeric Limits**

Discovery Dispute at Issue: Whether Plaintiff has exceeded the maximum number of RFPs. (Dkt. # 204 at 14-15.)

Court's Decision: For the reasons stated on the record, this request is GRANTED in part. There is no *per se* numerical limit on RFPs in the Federal Rules, the Local Rules, or any order in this case. The parties' Rule 26(f) proposals (dkt. # 150) do not themselves create a binding cap. Defendant may object to specific requests, or to the aggregate burden of the requests, under Rule 26(b)(1) and Rule 34, and may seek a protective order if warranted, but "exceeding 100" is not, standing alone, a valid basis to refuse to respond.

ORDER - 6

**F.     Continuance of Trial and Schedule**

<u>Discovery Dispute at Issue:</u> Whether good cause exists to continue the trial date until July 2027 and modify the schedule to accommodate the pending discovery disputes. (Dkt. # 204 at 15-16.)

<u>Court's Decision:</u> For the reasons stated on the record, this request is GRANTED in part and DENIED in part. Both parties bear some responsibility for the current timing pressures, and the existing scheduling order already reflects an extended timeline. A four-month trial continuance and wholesale restructuring of the schedule are not warranted under Rule 16(b). However, targeted adjustment of expert-related deadlines is appropriate in light of ongoing productions and finance-related discovery. The following case-schedule deadlines are extended:

- Plaintiff's expert disclosures are due **September 14, 2026**.

- Defendant's rebuttal expert disclosures are due **September 28, 2026**.

- Expert depositions (but not fact depositions) may proceed past the discovery cutoff but must be completed no later than **October 20, 2026**.

This ruling does not alter the trial date or any of the other previously set case-schedule deadlines. (Dkt. # 157.)

The Clerk is directed to send copies of this order to the parties and to the Honorable John H. Chun.

Dated this <u>17th</u> day of July, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 7