UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILSON AEROSPACE LLC,

Plaintiff,

v.

THE BOEING COMPANY INC.,

Defendant.

Case No. C23-847-JHC-MLP

ORDER

Before the Court are four LCR 7(i) motions: (1) Plaintiff's motion to compel additional depositions (dkt. # 228); (2) Plaintiff's motion to compel financial information (dkt. # 229); (3) Plaintiff's motion to compel documents (dkt. # 231[1]); and (4) Defendant's motion for an extension (dkt. # 230). The Court held a telephonic hearing on August 6, 2026. (Dkt. # 243.)

Having considered the materials submitted, the remainder of the record, and the governing law, and for the reasons stated on the record and in this Order, the Court GRANTS in part Plaintiff's motion to compel additional depositions (dkt. # 228), DENIES without prejudice Plaintiff's motions to compel financial information (dkt. # 229) and documents (dkt. # 231), and motion to seal (dkt. # 232), and GRANTS Defendant's motion for an extension (dkt. # 230).

[1] Plaintiff also filed a motion to seal certain related exhibits. (Dkt. # 232.)

# I. DISCUSSION

The Court incorporates and applies the standards and directives from its prior Order. (*See* dkt. # 221 at 2-6.)

## A. Motion to Compel Additional Depositions (dkt. # 228)

Issue: Whether Plaintiff may depose Steve Burks, Jacqueline Nesselroad, and Mark Nappi.

Ruling: The Court previously instructed that further expansion of the deposition limit required a particularized, non-duplicative showing. (Dkt. # 221 at 6.) Based on the parties' submissions and their representations during the telephonic conference (*see* dkt. ## 228, 240; *see also* dkt. # 228-2 at 2-3), Plaintiff has made the required particularized showing for Burks and Nesselroad, but not for Nappi. Plaintiff's motion to compel additional depositions (dkt. # 228) is therefore GRANTED as to Burks and Nesselroad and DENIED without prejudice as to Nappi.

## B. Motion to Compel Financial Information (dkt. # 229)

Issue: Whether Defendant must produce (1) documents regarding broader SLS delays and financial impact; (2) SLS revenue/profit information; (3) management/control-board presentations on finances or delays; and (4) related NASA communications.

Ruling: Based on the parties' submissions and their representations during the telephonic conference (*see* dkt. ## 229, 241; *see also* dkt. # 229-4 at 2-26), ongoing productions may moot or narrow the instant dispute. Any remaining issues should be raised via a fully briefed motion. Accordingly, Plaintiff's motion to compel financial information (dkt. # 229) is DENIED without prejudice to renewal upon a fuller record.

**C. Motion to Compel Documents (dkt. # 231)**

Issue: Whether Defendant must produce responsive materials from Chuck Hanes, Virginia Barnes, David George, Phil Deters, Jonathan Petit, and other sources under the ESI Protocol.

Ruling: Based on the parties' submissions and their representations during the telephonic conference (*see* dkt. ## 231, 238), this motion is premature. A targeted, fully briefed motion may be filed if disputes remain after conferral. Accordingly, Plaintiff's motion to compel documents (dkt. # 231) is DENIED without prejudice to renewal upon a fuller record.

**D. Motion to Seal (dkt. # 232)**

In conjunction with its motion to compel (dkt. # 231), Plaintiff filed a "Notice of Filing Exhibits Provisionally Under Seal" (dkt. # 232), which the Court construes as a motion to seal.

"There is a strong presumption of public access to the court's files." Local Rules W.D. Wash. LCR 5(g); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). To overcome this presumption, a "'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006). The moving party bears the burden of overcoming this presumption. LCR 5(g); *Kamakana*, 447 F.3d at 1178. A motion to seal must certify that the movant conferred with the opposing party and must specify the reasons for sealing, the harm that would result from disclosure, and why a less restrictive alternative is not sufficient. LCR 5(g)(3)(B). If the Court denies a motion to seal, the Clerk will unseal the document unless the Court orders otherwise or a party requests withdrawal. LCR 5(g)(6).

Here, Plaintiff has not carried its burden. Plaintiff did not file a proper motion to seal, did not provide the certification required by LCR 5(g)(3)(A), and did not articulate any specific

reasons, harms, or legitimate interests that would justify sealing the exhibits. Nor has Defendant moved to seal these materials or otherwise made the required showing.

Because no party has met the applicable good cause standard, the presumption of public access has not been overcome. Plaintiff's request that the exhibits be filed under seal (dkt. # 232) is therefore DENIED without prejudice. Pursuant to LCR 5(g)(3)(A), Plaintiff is ORDERED to meet and confer with Defendant within **five (5) days** of the date this Order is signed. Within **ten (10) days** of the date this Order is signed, Plaintiff may file a renewed motion to seal or withdraw the provisionally sealed documents.

If no motion is filed and the documents are not withdrawn by **August 17, 2026**, the Clerk is directed to unseal the documents. (Dkt. ## 233-37.)

**E. Motion for Extension (dkt. # 230)**

<u>Issue:</u> Whether Defendant's deadline to respond to Plaintiff's second set of interrogatories should be extended from August 3, 2026, to August 5, 2026, to avoid waiver due to a calendaring error.

<u>Ruling:</u> For the reasons stated on the record, Defendant's motion for extension (dkt. # 230) is GRANTED. Defendant's deadline to respond to Plaintiff's second set of interrogatories is extended to August 5, 2026.

**F. Status Hearing**

The Court sets a status hearing on **August 17, 2026**, at 11:00 a.m. via Zoom. The parties should be prepared to address: (1) the August 7, 2026, document production; (2) the status of scheduled depositions; (3) any disputes regarding Rule 30(b)(6) deposition topics; and (4) the status of, or proposed expedited briefing schedule for, any renewed discovery motion. Any renewed discovery motions shall follow the 14-day motions practice under the Local Rules,

unless the parties agree to a further expedited procedure. *See* Local Rules W.D. Wash. LCR 7(e)(2).

The Clerk is directed to send copies of this order to the parties and to the Honorable John H. Chun.

Dated this 7th day of August, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge