UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILSON AEROSPACE LLC,

Plaintiff,

v.

THE BOEING COMPANY INC.,

Defendant.

Case No. C23-847-JHC-MLP

ORDER

Before the Court is Plaintiff Wilson Aerospace LLC's ("Wilson") LCR 7(i) Telephonic Motion to Permit Additional Depositions. (Dkt. # 262). Defendant The Boeing Company ("Boeing") has filed a response (dkt. # 268), and neither party requested a telephonic hearing. Having considered the materials submitted, the remainder of the record, and the governing law, and for the reasons stated in this Order, the Court DENIES Wilson's Motion (dkt. # 262).

## I. DISCUSSION

Wilson seeks to depose three additional witnesses: Chuck Hanes, Mark Nappi, and Craig Williams. This request follows this Court's approval of, or Boeing's consent to, Wilson taking four additional depositions. (*See* dkt. ## 243, 268 at 2.) Federal Rule of Civil Procedure 30(a)(2) limits parties to ten depositions unless granted leave or by stipulation, and a party requesting

additional deponents bears the burden of showing a particularized, non-duplicative need for each proposed deponent. (Dkt. ## 221 at 6, 244 at 2 (citing *Plintron Techs. USA LLC v. Phillips*, 2025 WL 1918947, at *1-2 (W.D. Wash. July 11, 2025); *Thykkuttahil v. Keese*, 294 F.R.D. 597, 600 (W.D. Wash. 2013)).) Wilson argues these deponents are necessary and non-duplicative, as they were involved in matters relating to this dispute during relevant time periods, or appeared on produced documents. However, these arguments do not overcome the duplicative nature of Wilson's request. Based on the parties' submissions, Wilson has not made the required showing as to each of the three proposed deponents.

**A. Requested Additional Depositions**

*1. Chuck Hanes*

Wilson seeks to add deponent Chuck Hanes, a former Finance Business Manager in the Boeing SLS program between 2015 and 2018. (Dkt. # 268 at 2.) Wilson contends adding Mr. Hanes is justified where he signed monthly financial "533 Reports" and appeared on emails with deponent Steven Burks regarding the Wilson tool procurement process. (Dkt. # 262 at 1.) Boeing responds that the 533 Reports are already addressed through designated Rule 30(b)(6) testimony (dkt. # 268 at 2-3)[1] and that Mr. Hanes's testimony is duplicative of other deponents including Mr. Burks, Sophie Floyd, and Greg Emmons, all of whom worked on procurement efforts for the Wilson tool. (*Id.*) A party's request for additional deponents will be denied where it is duplicative. *See Plintron Techs. USA LLC*, 2025 WL 1918947, at *1-2. Moreover, a party should not ignore that a Rule 30(b)(6) designee may provide relevant testimony on a given category. *Crowder v. LinkedIn Corp.*, 2026 WL 2076152, at *3 (N.D. Cal. July 17, 2026). Wilson's request to depose Mr. Hanes is duplicative in that it has taken or plans to take depositions of

[1] The parties' filings are unclear as to whether the referenced Rule 30(b)(6) testimony has already taken place.

witnesses who are already available to address topics Wilson raises. Accordingly, Wilson has not made a particularized, non-duplicative showing of its need for Mr. Hanes's testimony.

*2. Mark Nappi*

Wilson renews its request to depose Mark Nappi after this Court's prior denial without prejudice. (Dkt. ## 243, 244.) Mr. Nappi was the Director of the SLS Core Stage Integrated Program Team from 2015 to 2018. (Dkt. # 268 at 2.) Wilson argues that a recently produced Monthly Management Report ("MMR") presentation demonstrates Mr. Nappi's "management-level consideration" of Boeing's "need for the SRTK" and that "[a] Rule 30(b)(6) designee cannot substitute for Mr. Nappi's testimony." (Dkt. # 262 at 1-2.) Boeing asserts Wilson has not demonstrated how Mr. Nappi's testimony is not specifically duplicative of Jackie Nesselroad's, a deponent whose name appears alongside Mr. Nappi's on the MMR presentation and who also worked on procurement of the SRTK. (Dkt. # 268 at 2.) Boeing also challenges Wilson's assertion that "a 30(b)(6) designee cannot substitute for Mr. Nappi's testimony" where Wilson had not received that 30(b)(6) testimony yet. (Dkt. # 268 at 2). A witness' appearance on produced documents does not, itself, establish a particularized showing of need, or that sought testimony is non-duplicative. *Crowder*, 2026 WL 2076152, at *3. And as previously stated, parties should not ignore the contributions of a Rule 30(b)(6) designee. *Id*. Where Wilson has or will depose Ms. Nesselroad and receive 30(b)(6) testimony, and has not otherwise provided evidence establishing how his testimony is not duplicative, Wilson's request to depose Mr. Nappi is denied for failure to make the requisite particularized showing.

*3. Craig Williams*

Finally, Wilson seeks to depose Craig Williams, identified as a Boeing engineer and Integrated Project Team Leader/Product Team Director with involvement in the SLS program.

(*See* dkt. ## 262 at 2, 268 at 3.) Wilson contends Mr. Williams' testimony is non-duplicative because recently produced documents show he held a "unique" leadership position, exercising responsibility over Wilson tools decision-making and internally escalating procurement issues. (Dkt. # 262 at 2.) Boeing challenges Wilson's assertion that Mr. Williams' "standing on an organization chart" constitutes a particularized showing for his personal knowledge. (Dkt. # 268 at 3.) Boeing notes Wilson has or will take depositions of four other engineers with personal experience with the Wilson tool procurement process, as well as 30(b)(6) testimony. (Dkt. # 268 at 3.) Wilson also plans to depose Mr. Burks and Ms. Nesselroad, who appear on email threads with Mr. Williams. (Dkt. # 268 at 3.) Courts must limit unreasonably cumulative or duplicative discovery. *Crowder v. LinkedIn Corp.*, 2026 WL 2247506, *2 (N.D. Cal. Aug. 4, 2026). Additionally, an assertion that an organizational leader gave direction or provided guidance does not establish the requisite need for that person's deposition testimony. *Id.* at 3. Given that other deponents with similar personal knowledge have and will be deposed, Wilson has not made a particularized, non-duplicative showing justifying the deposition of Mr. Williams.

For the foregoing reasons, Wilson's LCR 7(i) Motion to Permit Additional Depositions (dkt. # 262) is DENIED. The Clerk is directed to send copies of this order to the parties and to the Honorable John H. Chun.

Dated this 25th day of August, 2026.



MICHELLE L. PETERSON
United States Magistrate Judge