UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILSON AEROSPACE LLC,<br>Plaintiff,<br>v.<br>THE BOEING COMPANY INC.,<br>Defendant. | Case No. C23-847-JHC-MLP<br>ORDER |

## I. INTRODUCTION

This matter is before this Court on referral of Plaintiff Wilson Aerospace LLC's (1) Motion to Compel Re Finance and Delay-Related Documents and Information (dkt. # 245); and (2) Motion to Compel Compliance with Rule 34 and the ESI Protocol (dkt. # 250). Defendant the Boeing Company Inc. has filed responses (dkt. ## 271, 270), and Wilson has filed replies (dkt. ## 282, 293). This Court heard oral argument on September 3, 2026 (dkt. # 299), at the hearing the Court GRANTED in part and DENIED in part Wilson's motions to compel (dkt. ## 245, 250).

## II. DISCUSSION

This Court assumes familiarity with the background of this case and sets out only the developments relevant to the present discovery motions. The discovery rules and legal standards

governing the present disputes are well established and presented summarily. Parties may obtain discovery regarding any nonprivileged matter that is "relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). They may also move for an order compelling discovery after conferring or attempting to confer in good faith. *See* Fed. R. Civ. P. 37(a)(1).

Courts retain "broad discretion" to permit or deny discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citation omitted). Rule 26(b) requires that discovery must be "proportional to the needs of a case" and a requesting party's "mere suspicion" that other documents exist is not a sufficient basis to grant a motion to compel." *Mizrahi v. Google LLC*, 732 F.Supp.3d 1068, 1070 (N.D. Cal. Apr. 30, 2024). Courts will not condone "the use of discovery to engage in 'fishing expedition[s].'" *Rivera v. NIBCO, Inc.* 364 F.3d 1057, 1072 (9th Cir. 2004) (alteration in original).

With the foregoing standards in mind, the Court memorializes its oral rulings as follows:

**A. Wilson's Motion to Compel Re Finance and Delay-Related Documents and Information (dkt. # 245)**

Issue: Whether, in response to Wilson's Requests for Production ("RFP") 68 and 126, Boeing must provide financial information regarding delays in the entire Space Launch System ("SLS") program, beyond those related to the "SRTK" tool at issue in this litigation.

Ruling: For the reasons stated on the record, this request is DENIED. The Court finds that Wilson has not presented information sufficient to show that the additional financial information it seeks is relevant to its claims. Even if such information were relevant, it is not proportional to the needs of the case.

Issue: Whether Boeing must provide material from 2023 through 2026 in response to Wilson's RFP 72.

<u>Ruling</u>: For the reasons stated on the record, this request is DENIED. The Court finds that Wilson's basis for its request is speculative, not relevant to a claim or defense, and not proportional to the needs of the case.

<u>Issue:</u> Whether Boeing must provide additional material, from 2019 onward, in response to Wilson's RFP 73 and 75.

<u>Ruling</u>: For the reasons stated on the record, including the reasons provided in its denial with respect to RFP 68 and 126, this request is DENIED.

<u>Issue:</u> Whether, in response to Wilson's RFP 125, Boeing must provide additional material identifying all Boeing executives and senior managers with responsibility for managing the SLS contract's financial performance, procurement of SRTK and Torque Tools, and communications with NASA concerning SLS delays.

<u>Ruling:</u> For the reasons stated on the record, this request is GRANTED in part. Boeing is ordered to produce documents identifying executives and senior managers at Boeing with responsibility for managing and/or procurement of SRTK and Torque Tools.

**B. Wilson's Motion to Compel Compliance with Rule 34 and the ESI Protocol (dkt. # 250)**

*1. Custodial Searches Requested*

In its motion to compel, Wilson requested that Boeing be ordered to search the custodial files for the following individuals and produce responsive, non-privileged documents. The Court ruled on each individual requested.

<u>Chuck Hanes:</u> For the reasons stated on the record, this request is DENIED. The Court has not been presented with evidence demonstrating that Mr. Hanes is a proper custodial witness as his involvement in this case appears to have been to approve a cost override allowing Boeing to proceed with procuring the SRTK tool. It does not appear that his files would contain unique

documents or relevant information as to the claims in this case that are not already part of other custodian files (Mr. Baglioni, Mr. Floyd, Mr. Murphy, and Mr. Schmidt).[1]

Mark Swenson: For the reasons stated on the record, this request is DENIED. Boeing has identified and/or deposed many engineers. The record does not show that Mr. Swenson possesses a unique or relevant role in this case and reviewing his files would be duplicative of the work undertaken for other witnesses including Mr. Baglioni, Mr. Burks, and Ms. Nesselroad.

Richard Fineout: For the reasons stated on the record, this request is DENIED. The court has not been presented with evidence demonstrating that Mr. Fineout has relevant information pertaining to this case.

Virginia Barnes: For the reasons stated on the record, this request is DENIED. The court has not been presented with evidence demonstrating that Ms. Barnes has relevant information pertaining to this case in her files. Ms. Barnes retired from Boeing in 2015, and Boeing did not preserve her ESI.

Craig Williams: For the reasons stated on the record, this request is DENIED. While the evidence demonstrates that Mr. Williams holds a leadership position, the evidence does not convince the Court that he has any personal knowledge relating to the SRTK or Wilson tool. Review of his records is not proportional to the needs of this case given the lack of evidence that he would possess relevant documents or information.

David George: For the reasons stated on the record, this request is DENIED. The Court acknowledges that Boeing affirmed it interviewed Mr. George to confirm whether he possesses relevant documents or information. Boeing confirmed that Mr. George responded that he does

[1] Of note, Boeing did not retain Mr. Hanes' and Mr. Fineout's ESI data as part of its preservation process in this matter.

not. If called to testify at trial, Boeing confirmed Mr. George's testimony would be limited to authentication of 533 Reports.

Phil Deters: For the reasons stated on the record, this request is DENIED. Boeing confirmed that, if Mr. Deters were called to testify at trial, his testimony would be limited to authentication of a profit and loss statement prepared for this case and produced to Wilson.

Brendon Yaeger: For the reasons stated on the record, this request is DENIED. Boeing confirmed during the hearing that the files of Mr. Yaeger have been collected, reviewed, and relevant documents produced to Wilson. A perceived low volume of documents is not evidence that a satisfactory discovery investigation has not occurred.

Jonathan Petit: For the reasons stated on the record, this request is DENIED. Boeing confirmed on the record that, at most, Mr. Petit could be called to testify at trial to authenticate documents and databases relating to tool use.

Justin Johnson: For the reasons stated on the record, this request is DENIED. Boeing confirmed on the record that, at most, Mr. Johnson could be called to testify at trial to authenticate documents and databases relating to tool use.

*2. Additional Documents Sought*

Issue: Whether Boeing must produce additional Monthly Management Reports beyond those it has produced between 2014 and 2019.

Ruling: For the reasons stated on the record, this request is GRANTED in part. Boeing is ordered to produce Monthly Management Reports through June 2023, consistent with the parties' deadline for discovery date cutoff in the ESI agreement.

Issue: Whether Boeing must produce additional MAO control board documents.

<u>Ruling:</u> For the reasons stated on the record, this request is GRANTED in part. No later than September 14, 2026, Boeing is ordered to produce control board presentations pertaining to all aspects of procurement of the Wilson tool and procurement of an SRTK. If Boeing is unable to locate the ordered material, it must file a declaration with the Court by September 14, 2026, as to why the ordered material could not be located or does not exist.

<u>Issue:</u> Whether Boeing failed to comply with its discovery obligations under the ESI protocol to properly identify all custodial information for produced documents, and whether an LCR 7(i) motion requesting a Rule 30(b)(6) deposition into Boeing's discovery procedures should be permitted.

<u>Ruling:</u> Wilson argues that produced documents such as emails, sent among multiple custodians, when produced, did not include required custodial information in the "duplicate/other custodian field in the database load file." (Dkt. # 250 at 13.) Wilson contends this demonstrates or suggests Boeing's failure to fully comply with the requirements of the ESI protocol. For the reasons stated on the record, the Court DENIES this request. Wilson has not shown that emails from over a decade ago were likely to have been retained by all recipients and be tagged in the "duplicate/other custodian" field, and Boeing adequately demonstrated that its document collection and related metadata results comply with its discovery obligations.

<u>Issue:</u> Whether Boeing's supplemental responses to Wilson's Interrogatories 7 and 8 are incomplete in violation of Rule 33(d).

<u>Ruling:</u> For the reasons stated on the record, this request is GRANTED in part. Boeing is ordered to respond to Interrogatories 7 and 8 with a list that, using reasonable efforts and on information and belief, includes all individuals who had access to the data identified in Interrogatories 7 and 8.

The Clerk is directed to send copies of this order to the parties and to the Honorable John H. Chun.

Dated this 4th day of September, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge