UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILSON AEROSPACE LLC,

Plaintiff,

v.

THE BOEING COMPANY INC.,

Defendant.

Case No. C23-847-JHC-MLP

ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL

## I. INTRODUCTION

This matter is before the Court on the several overlapping motions to seal filed by Plaintiff Wilson Aerospace LLC ("Wilson") and Defendant The Boeing Company ("Boeing"): (1) Wilson's Motion to Seal Exhibits to Motion to Compel RE Finance and Delay-Related Documents and Information (dkt. # 246); (2) Wilson's Motion to Seal Exhibits to Motion to Compel Compliance with Rule 34 and the ESI Protocol (dkt. # 251); (3) Boeing's Motion to Seal Boeing's Confidential Materials Filed with Motions to Compel (dkt. # 272); (4) Wilson's Motion to Seal Exhibits to Plaintiff's Reply ISO Motion to Compel RE Finance and Delay-Related Documents and Information (dkt. # 283); (5) Wilson's Motion to Seal Exhibits to Plaintiff's Reply ISO Motion to Compel Compliance with Rule 34 and the ESI Protocol (dkt. # 294); (6) Boeing's Motion to Seal Boeing's Confidential Materials Filed with Wilson's Replies to Motions

to Compel (dkt. # 315); and (7) Wilson's Motion to Seal Exhibit to Plaintiff's LCR 7(i) Telephonic Motion to Permit Additional Depositions (dkt. # 263). No opposition was filed to any of the motions.

## II. DISCUSSION

Under the Local Civil Rules, a party moving to seal confidential information must demonstrate: (1) "the legitimate private or public interests that warrant the relief sought;" (2) "the injury that will result if the relief sought is not granted;" and (3) "why a less restrictive alternative to the relief sought is not sufficient." Local Rules W.D. Wash. LCR 5(g)(3)(B). Under Ninth Circuit precedent, two standards govern motions to seal: a "compelling reasons" standard, which applies to submissions filed in relation to dispositive motions, and a "good cause" standard, which applies to non-dispositive filings. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). The "good cause" standard imposes a lower burden than the "compelling reasons" standard. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). Because the documents at issue here relate to non-dispositive discovery motions, the "good cause" standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1097.

### A. Motions to Seal related to Motions to Compel (dkt. ## 246, 251, 272, 283, 294, 315)

Wilson asks the Court to temporarily seal certain exhibits to its motions to compel and replies (dkt. ## 245, 250, 282, 293) produced by Boeing and designated as either Confidential or Attorney's Eyes Only under the parties' Stipulated Protective Order. (Dkt. ## 246 at 2, 251 at 2, 283 at 2-3, 294 at 2.) After contacting Boeing's counsel regarding its intention to file these exhibits, Wilson certifies Boeing's counsel directed it to file the documents under seal, which Wilson did despite not independently seeking to seal the documents. (Dkt. # 246 at 2, 4; dkt. # 251 at 2, 4; dkt. # 283 at 2-3, 5; dkt. # 294 at 2, 4.) Wilson asks the court to unseal these

documents should Boeing fail to timely file its own motion to seal. (Dkt. ## 246 at 2, 251 at 2, 283 at 3, 294 at 2.)

Boeing did file two motions to seal (dkt. ## 272, 315), concerning nearly every exhibit filed by Wilson, and several documents it filed with its responses to Wilson's motions to compel (dkt. ## 270-71). Boeing contends good cause exists to seal these Boeing-produced documents, designated either as "confidential" or "attorneys' eyes only," and containing "confidential and proprietary information," reflecting "internal business communications or other information that would not ordinarily be accessible to competitors or vendors" and whose disclosure could harm Boeing's competitive standing. (Dkt. ## 272 at 3, 6, 315 at 3, 5.) Boeing does not seek to seal two of the exhibits (dkt. ## 257 (Ex. 11), 297 (Ex. C)).

Under either the good cause or compelling reasons standard, there is a sufficient basis to seal the documents at issue. Sealing is appropriate where documents contain confidential and sensitive commercial information that could harm a litigant's competitive standing. *See* Fed. R. Civ. P. 26(c)(1)(G) (courts may "requir[e] that a trade secret or other confidential research, development, or commercial information not be revealed"); *Ctr. for Auto Safety*, 809 F.3d at 1097 (preventing the use of court records to harm a litigant's competitive standing is a compelling reason to seal); *Floyd v. Amazon.com, Inc.*, 2024 WL 1533217, at *1 (W.D. Wash. Apr. 9, 2024) (finding compelling reasons to seal confidential business information filed in opposition to a motion for leave to amend). Having reviewed the materials, the Court finds good cause to maintain the following exhibits under seal: dkt. ## 247-49, 252-56, 258, 273-77, 279-81, 284-92, 295-96, and 298.[1] Since Boeing did not seek to seal dkt. # 257 (Ex. 11) or dkt. # 297

[1] Boeing's motion to seal does not provide a specific reason to seal dkt. # 248 (Exhibit 7). However, the Court construes Boeing's motion as seeking to seal this document given that Wilson originally filed it under seal, and Boeing refers to Exhibit 7 to the Wilson Finance Motion in its motion introduction and proposed order. (Dkt. ## 272 at 2, 272-1 at 2.)

(Ex. C), they will be unsealed on **September 29, 2026**, unless Boeing files a motion requesting otherwise by **September 28, 2026**.

The Court also identified the following issues in Boeing's motions. First, Boeing's proposed order to its first motion to seal (dkt. # 272-1 at 1) includes a reference to sealing Exhibit 6 (dkt. # 271-6) to the Second Declaration of Ulrike B. Connelly ("Second Connelly Decl." (dkt. # 271-1)). This exhibit was not filed under seal, and the Second Connelly Decl. identifies it as a copy of Wilson's Proposed Search Terms for Custodians Nappi and Yaeger. (Second Connelly Decl. at 4; dkt. # 271-6.) Other than one stray reference to this exhibit in the introduction of its motion to seal, and the reference in the proposed order, Boeing does not provide any reason to seal this document, which was filed unsealed. (Dkt. ## 272 at 2, 272-1 at 1, 271-6.) Accordingly, the Court does not find good cause to seal Exhibit 6 to the Second Connelly Decl., a list of proposed discovery search terms, and declines to do so.

Second, Boeing's motion to seal asks the Court to temporarily seal Exhibit 4 to the Second Connelly Decl., but this request appears to be a mistake. (Dkt. ## 272 at 6, 279.) In its argument, Boeing identifies Exhibit 4 to the Second Connelly Decl. as an "excerpt of the deposition testimony of David Wilson Jr. that Wilson has designated as Attorney's Eyes Only," when in fact Exhibit 3 to the Second Connelly Decl. is the referenced deposition excerpt. (Dkt. ## 272 at 6, 278.) Moreover, Boeing's proposed order to its motion to seal asks the Court to temporarily seal Exhibit 3 to the Second Connelly Decl. "pending any further motion to maintain the document under seal filed by Wilson." (Dkt. # 272-1 at 2.) The Court construes Boeing's motion as requesting that Exhibit 3 to the Second Connelly Decl. remain under seal to allow Wilson time to file a motion seeking to maintain this exhibit under seal. (Dkt. # 278.) Accordingly, the Court will maintain Exhibit 3 to the Second Connelly Decl. (dkt. # 278) under

seal until **September 29, 2026**, to allow Wilson time to file a motion regarding whether this exhibit should remain under seal by **September 28, 2026**.

**B. Motion to Seal for Wilson's LCR 7(i) Motion (dkt. # 263)**

Finally, the Court addresses Wilson's motion to seal one exhibit to its LCR 7(i) Telephonic Motion to Permit Additional Depositions. (Dkt. ## 263, 264 (Exhibit 1).) Wilson filed this exhibit designated "Attorney's Eyes Only" by Boeing under seal temporarily at Boeing's direction. (Dkt. # 263 at 2.) However, Wilson does not "independently seek to seal this document" and asks the Court to unseal it if Boeing does not file its own motion to seal. (*Id.*) The Court has not identified a motion from Boeing seeking to seal this document. The Court will maintain Exhibit 1 (dkt. # 264) to Wilson's LCR 7(i) Telephonic Motion to Permit Additional Depositions (dkt. # 263) under seal until **September 29, 2026**, to allow Boeing time to file a motion regarding whether this exhibit should remain under seal by **September 28, 2026**.

**C. LCR 5(g) Procedure**

The parties have complicated and delayed consideration of the issues here by filing overlapping motions and failing to effectively meet and confer to narrow the issues presented to the Court. Neither party filed any opposition to any of the motions addressed herein, which suggests that they could have been filed as stipulated or unopposed motions. The parties are directed to LCR 5(g)(3), which provides that the party who designated a document as confidential may explain why sealing is appropriate "in its response to the motion to seal or in a stipulated motion" without the need to file a separate motion.

## III. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

(1) Boeing's motions to seal (dkt. ## 272, 315) are **GRANTED** in part. The following exhibits shall remain under seal: dkt. ## 247-49, 252-56, 258, 273-77, 279-81, 284-92, 295-96, and 298.

(2) The following exhibits shall be unsealed on **September 29, 2026**, unless Boeing files a motion requesting otherwise by **September 28, 2026**: dkt. ## 257 and 297. The exhibit at dkt. # 278 shall be unsealed on **September 29, 2026**, unless Wilson files a motion requesting otherwise by **September 28, 2026**.

(3) The exhibit at dkt. # 271-6 (Exhibit 6) shall remain unsealed.

(4) Wilson's motions to seal (dkt. ## 246, 251, 283, 294) are **DENIED** as moot; and

(5) The Clerk is directed to renote Wilson's motion to seal exhibits to its LCR 7(i) telephonic motion (dkt. # 263) for the Court's consideration on **September 29, 2026**.

(6) The Clerk is further directed to send copies of this order to the parties and to the Honorable John H. Chun.

Dated this 22nd day of September, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge