UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILSON AEROSPACE LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY INC.,<br><br>Defendant. | Case No. C23-847-JHC-MLP<br><br>ORDER |

This matter is before this Court on referral of Defendant The Boeing Company's ("Boeing") Motion to Strike Errata of David Wilson, Jr.'s Deposition (dkt. # 309). Plaintiff Wilson Aerospace LLC ("Wilson") has filed a response (dkt. # 324), and Boeing has filed a reply (dkt. # 329). Having considered the materials submitted, the remainder of the record, and the governing law, and for the reasons stated in this Order, the Court DENIES without prejudice to refiling Boeing's Motion to Strike (dkt. # 309).

## I. DISCUSSION

Boeing asks the Court to strike 22 entries from the errata sheet presented by Wilson to the deposition of David Wilson, Jr. (Dkt. # 309 at 5, 15.) Boeing argues these contested errata impermissibly offer contradictory changes or additive or wordsmithing changes. (Dkt. # 309 at

10.) Wilson contends the errata clarify and supplement Dr. Wilson's testimony in a manner permissible under Federal Rule 30(e). (Dkt. # 324 at 4.)

Rule 30(e)(1) provides that, upon request, a deponent has thirty days after the deposition transcript is available to review it, and "if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." Fed. R. Civ. P. 30(e)(1)(B). It is uncontested that the errata sheet was timely served, and Boeing "brings this motion now in a timely fashion and to preserve the issue." (Dkt. # 324 at 4, 6; dkt. # 309 at 5.) In its motion, Boeing also states the following:

> Boeing respectfully submits that a ruling is not required on this motion unless and until one party or the other seeks to rely on the testimony that would be implicated by the errata, such as at summary judgment or trial. Therefore, while the Court could certainly rule on this issue now and strike the improper errata, the Court could also reserve judgment until any of the disputed testimony is presented in another context.

(Dkt. # 309 at 5.) Plaintiff did not object to Boeing's proposal that the Court reserve judgment on the disputed errata. Accordingly, the Court DENIES without prejudice Boeing's Motion to Strike Errata of David Wilson, Jr.'s Deposition (dkt. # 309). Boeing may renew its motion at such time as one party seeks to rely on the testimony addressed by the contested errata.

The Clerk is directed to send copies of this order to the parties and to the Honorable John H. Chun.

Dated this 9th day of October, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge