UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILSON AEROSPACE LLC,

Plaintiff,

v.

THE BOEING COMPANY INC.,

Defendant.

Case No. C23-847-JHC-MLP

ORDER

This matter is before the Court by referral on Defendant The Boeing Company's ("Boeing" or "Defendant") Motion to Seal Exhibits to Defendant's Motion to Strike Errata of David Wilson, Jr.'s Deposition. (Dkt. # 308.) Plaintiff Wilson Aerospace LLC ("Wilson" or "Plaintiff") filed a response. (Dkt. # 323.) Wilson separately filed a Motion to Seal Exhibit A in Support of Wilson's Opposition to Boeing's Motion to Strike. (Dkt. # 325). Having considered the materials submitted, the rest of the record, and the governing law, this Court GRANTS in part and DENIES in part Defendant's motion to seal (dkt. # 308) and GRANTS Wilson's motion to seal (dkt. # 325).

## I. DISCUSSION

Under the Local Civil Rules, a party moving to seal confidential information must demonstrate: (1) "the legitimate private or public interests that warrant the relief sought;" (2) "the injury that will result if the relief sought is not granted;" and (3) "why a less restrictive alternative to the relief sought is not sufficient." Local Rules W.D. Wash. LCR 5(g)(3)(B). Under Ninth Circuit precedent, two standards govern motions to seal: a "compelling reasons" standard, which applies to submissions filed in relation to dispositive motions, and a "good cause" standard, which applies to non-dispositive filings. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). The "good cause" standard imposes a lower burden than the "compelling reasons" standard. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). Because the documents at issue here relate to non-dispositive discovery motions, the "good cause" standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1097.

Boeing asks the Court to temporarily seal Exhibits 1 through 4 (dkt. ## 310-13) to the Declaration of George B. Davis in Support of Defendant's Motion to Strike ("Davis Decl." (dkt. # 309-1)) produced by Wilson and designated as Attorneys' Eyes Only under the parties' Stipulated Protective Order. (Dkt. # 308 at 2.) Boeing "does not independently seek to seal" these documents nor take a position on whether they should remain under seal, and asks the Court to unseal them if Wilson does not timely file a motion to seal these exhibits. (*Id.*)

Wilson responds and asks the Court seal only Exhibit 1 to the Davis Decl. (dkt. # 310), which is an excerpt of Dr. David Wilson, Jr.'s deposition transcript designated Attorney's Eyes Only. (Dkt. # 323 at 2.) Wilson separately filed a Motion to Seal Exhibit A (dkt. # 325) where Exhibit A (dkt. # 326) is the complete transcript of Dr. Wilson's deposition, filed with the Declaration of Rachel Thompson ("Thompson Decl." (dkt. # 324-1)). Wilson asserts good cause

exists to maintain Exhibit 1 to the Davis Decl. and Exhibit A to the Thompson Decl. under seal where the deposition transcript reveals Wilson's trade secrets and confidential financial, pricing, and proprietary information, the disclosure of which would harm Wilson's competitive standing. (Dkt. # 323 at 3-4; dkt. # 325 at 2-3.)

Under either standard, there is a sufficient basis to seal the information at issue. Sealing is appropriate where documents contain confidential and sensitive commercial information that could harm a litigant's competitive standing. *See* Fed. R. Civ. P. 26(c)(1)(G) (courts may "requir[e] that a trade secret or other confidential research, development, or commercial information not be revealed"); *Ctr. for Auto Safety*, 809 F.3d at 1097 (preventing the use of court records to harm a litigant's competitive standing is a compelling reason to seal). Having reviewed the materials, the Court finds good cause to maintain Exhibit 1 to the Davis Decl. and Exhibit A to the Thompson Decl. under seal.

## II. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1) Boeing's motion to seal (dkt. 308) is **GRANTED** in part and **DENIED** in part, and Wilson's motion to seal (dkt. # 325) is **GRANTED**. Exhibit 1 to the Davis Decl. and Exhibit A to the Thompson Decl. shall remain under seal.

2) The Clerk is directed to unseal Exhibits 2 through 4 to the Davis Decl. (Dkt. ## 311-13.)

The Clerk is directed to send copies of this Order to the parties and to the Honorable John H. Chun.

//

//

Dated this 14th day of October, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge