UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILSON AEROSPACE LLC,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>THE BOEING COMPANY,<br><br>Defendant/Counterclaimant. | No. 2:23-cv-00847-JHC-MLP<br><br>STIPULATED PROPOSED PROTOCOL FOR SEALING CONFIDENTIAL MATERIALS<br><br>AND<br><br>ORDER<br><br>NOTE ON MOTION CALENDAR:<br>November 10, 2026 |

## INTRODUCTION

Plaintiff Wilson Aerospace LLC ("Wilson") and Defendant The Boeing Company ("Boeing") jointly move the Court for an order to extend and combine the deadlines for filing motions to seal materials supporting upcoming dispositive and trial motions. The parties have agreed on a protocol for filing documents under seal and subsequent omnibus motions to seal, with the aim of lessening the burden on the Court.

## I. BACKGROUND

The parties anticipate filing motions for summary judgment and *Daubert* motions related to the five disclosed experts, as well as pre-trial motions (*e.g.*, motions in limine), with opening

briefs due on November 16, 2026.[1] Because this case involves allegations involving trade secrets and other confidential, sensitive business information, and consistent with their prior practice for motions, the parties will need to file some materials with those upcoming motions under seal.

Previously, and pursuant to LCR 5(g), the parties have filed a motion to seal contemporaneously with each filing containing documents designated by the other side as confidential or Attorneys' Eyes Only, as required by the Stipulated Protective Order. Dkt. # 153. To place the burden to justify sealing on the party asserting the need, often the Response brief has contained the substantive arguments supporting sealing the materials. Moreover, the difficulty of sharing copies of briefs and exhibits prior to filing to attempt to agree on appropriate protective measures has made the process over-inclusive at times for what needs to be sealed, leading parties to subsequently withdraw the request for sealing.

To date, the parties have filed nearly 20 motions to seal, all of which have been ultimately granted.

As to the impending dispositive, expert, and trial motions, this standard process would likely result in at least a dozen separate motions to seal, if not more. With the goal of improving efficiency and lessening the burden on the Court, the parties propose a protocol by which each party will file a motion to temporarily seal any materials submitted with a brief, in the form substantively similar to the one attached hereto.

Within seven court days of the reply brief materials being filed (or response materials for motions that do not permit a reply), each party will file a motion to seal requesting permanent redaction or sealing of any of its respective confidential material submitted by either party in support of the briefing.

---

[1] The parties are conferring about the possibility of a modified briefing schedule for any motion relating to one of Boeing's experts in light of the timing of his deposition and will advise the Court of any proposed modified schedule for that motion.

## II. LEGAL STANDARD

A party seeking extension of a court deadline must show good cause. Fed. R. Civ. P. 6(b)(1)(A). Under Local Civil Rule 5(g), absent a statute, rule, or prior court order authorizing a party to file a document under seal, the party must move to seal the document "before or at the same time the party files the sealed document." LCR 5(g)(2)(B). In the usual practice, filing a motion to seal permits the party to file a document under seal without prior court approval pending the court's ruling on the motion to seal. *Id.* When a party is filing information received from another party in discovery and deemed by the other party to be confidential under a stipulated protective order, the party filing the confidential document may file a provisional motion to seal, but the party who designated the document as confidential must file its own motion explaining why the document should be maintained under seal. *Id.*

## III. PROPOSED PROTOCOL

Good cause exists to extend and combine the deadlines for filing motions to seal documents filed in support of the parties' forthcoming dispositive, expert, and trial motions.[2] Neither party opposes the request to extend the deadlines or alleges any prejudice would result from the extension. *Cf. James v. Nationwide Affinity Ins. Co. of Am.*, No. C22-772, 2023 WL 5020403, at *1 (W.D. Wash. July 31, 2023) ("Because the request for a trial continuance appears unopposed, it will be GRANTED."); *Reed v. Kariko*, No. 3:20-cv-5580 2021 WL 3563089, at *2 (W.D. Wash. June 30, 2021) (granting defendants' motion to amend pretrial scheduling order to provide all parties extra time to complete discovery).

The parties propose the following process:

1. Each party will file a short motion to temporarily seal any materials submitted with a pleading, in the form substantively similar to the one attached hereto as **Exhibit A**.

[2] For the avoidance of doubt, the parties intend this protocol to apply to all motions filed subsequent to the Court's approval of this process.

2. Within seven court days of the filing of reply brief materials (or response materials for motions that do not permit a reply), the parties will meet and confer, and then each party will file a single motion to seal (noted on a 14-day calendar) to support a request for permanent redaction or sealing of any of its respective material submitted by either party in support of the briefing.

Allowing Boeing and Wilson to each file one omnibus motion to seal documents containing their respective confidential information will contribute to the overall efficiency of the case by reducing and streamlining the number of filings and simplifying the matters for the Court's consideration. Accordingly, Boeing and Wilson respectfully request that the Court extend and combine the deadlines for filing motions to seal documents filed in support of upcoming dispositive, expert, and trial motions, as well as any other motions the parties subsequently file.

## IV. CONCLUSION

Based on the foregoing, the parties respectfully request that the Court adopt this proposal to streamline motions to seal for future briefing.

IT IS SO STIPULATED by and between the parties.

DATED: November 10, 2026

By: /s/ *Stephen E. Morrissey*
Stephen E. Morrissey
Washington State Bar No. 44710
smorrissey@susmangodfrey.com
Jenna Farleigh
Washington State Bar No. 47392
jfarleigh@susmangodfrey.com
Ian M. Gore
Washington State Bar No. 54519
igore@susmangodfrey.com
Benjamin Manne
Washington State Bar No. 54537
bmanne@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

Neal S. Manne (*pro hac vice*)
nmanne@susmangodfrey.com
Michael Brightman (*pro hac vice*)
(mbrightman@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366

Rachel P. Thompson (*pro hac vice*)
rthompson@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Plaintiff Wilson Aerospace LLC*

*/s/ Ulrike B. Connelly*
Ulrike B. Connelly, Bar No. 42478
**MCGUIREWOODS LLP**
Safeco Plaza
1001 Fourth Ave.
Suite 4368
Seattle, WA 98154-1123
Tel: (206) 336-5180
Fax: (206) 336-5790
uconnelly@mcguirewoods.com

Benjamin L. Hatch (*pro hac vice*)
**MCGUIREWOODS LLP**
888 16th Street N.W., Suite 500
Washington, D.C. 20006
Tel: (757) 640-3700
Fax: (757) 640-3701
bhatch@mcguirewoods.com

Brian C. Riopelle (*pro hac vice*)
George B. Davis (*pro hac vice*)
Kathryn M. Barber (*pro hac vice*)
**MCGUIREWOODS LLP**
800 East Canal Street
Richmond, VA 23219-3916
Tel: (804) 775-1000
Fax: (804) 225-5377
briopelle@mcguirewoods.com
gdavis@mcguirewoods.com
kbarber@mcguirewoods.com

*Attorneys for The Boeing Company*

**ORDER**

**PURSUANT TO THE FOREGOING STIPULATION, IT IS SO ORDERED.**

For any motions to seal documents filed in support of upcoming dispositive, expert, and trial motions, each party will file a motion to temporarily seal any materials submitted with a pleading in substantially the form provided for in Exhibit A to this Motion. Within seven court days of the filing of reply brief materials for a particular motion (or response materials for motions that do not permit a reply), each party will file a motion to seal requesting permanent redaction or sealing of any of its respective confidential material submitted by either party in support of the briefing. This protocol will apply to all filings by the parties after the entry of this order.

DATED this 10th day of November, 2026.

John H. Chun
United States District Judge